KAUFMAN DOLOWICH & VOLUCK LLP
ELIZABETH WILLIAMS, ESQ., SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ., SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ., SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile: (415) 402-0679

Attorneys for Respondent MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

E-Filing

ORIGINAL FILED
AUG 27 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HO RIM KAM,

    Petitioner,

vs.

MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,

    Respondent.

Case No. C-07 4414

NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1441(b)
(FEDERAL QUESTION)

SBA

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT RESPONDENT MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS hereby removes to this Court the State Court action described below.

1. On August 6, 2007, an action, specifically a Petition and Application for Issuance of Peremptory Writ of Mandamus was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled HO RIM KAM VS. MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, as Case Number CPF-07-507493 (hereto as Exhibit 1).

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

2. The first date upon which Respondent received a copy of said Petition and Application for Issuance of Peremptory Writ of Mandamus was on August 8, 2007. (A copy of the Proof of Service by hand delivery is attached hereto as Exhibit 2)

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Respondent pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the United States Housing Act of 1937, 42 USC §1437 *et. seq.* and its implementing regulations, including but not limited to: 24 CFR, part 5 (General HUD Program Requirements), 24 CFR, part 17 (Administrative Claims per Federal Tort Claims Act); and 24 CFR, part 28 (Fraud). Petitioner's claim is also one that technically implicates 5 U.S.C. §706 and arguably the Fifth Amendment right to due process contained in the United States Constitution.

4. The instant Petition for Peremptory Writ of Mandamus protests actions taken by the Federal Government. Specifically, Petitioner has premised his claim for relief on the United States Department of Housing and Urban Development's purported incorrect conclusion that Petitioner had fraudulently concealed his Illinois home on multiple occasions in order to receive Section 8 housing subsidies. Because Petitioner, on multiple occasions, misrepresented his assets on his HUD Form 50059s, HUD concluded that he owed the federal government additional rent ("carrying charges"). Respondent's By-laws provide for <u>automatic</u> removal of a *Board member* should the Petitioner fall behind in rent by 30 days. In addition, the By-laws call for removal of an *Officer* by a vote of the Board of Directors. Since HUD concluded that Petitioner was behind in rent by 30 days, he was <u>automatically</u> removed as a Director, and subsequently removed as Treasurer by a majority vote of the Board of Directors. Thus, the issue posed by the Petition, whether Petitioner can properly be a member (or even a Treasurer) on the Board of Directors, implicates federal law and impugns actions taken by HUD.

5. The relief sought also creates a substantial issue of federal law. Petitioner has requested that the Court determine whether Petitioner properly reported his income per federal housing laws in order to be eligible for Section 8 housing subsidies and hence, not be in arrears of rent. HUD concluded that he had not properly reported his income. Petitioner essentially requests that the Court issue an order reversing HUD's conclusion regarding his <u>automatic</u>

removal (per the By-laws) from the Board of Directors and compelling his reinstatement to the Board of Directors. Consequently, Petitioner's relief is dependent upon interpretation of federal laws regarding eligibility, recertification of, and verification of income for Section 8 recipients.

6. In short, federal question jurisdiction is proper because the Federal Government has a strong interest in ensuring persons who have fraudulently reported assets in order to obtain federal subsidies not be a member of a Boards of Directors (with decision-making powers) over housing projects that the Federal Government subsidizes.

7. Although HUD is curiously not a named respondent in this matter, Petitioner has imputed HUD's conduct to Respondent, thus warranting federal court jurisdiction. The averments in the Petition and its supporting papers show that the relevant By-laws which govern the conduct of the project and the Board of Directors automatically expel Petitioner from the Board due to his own conduct in contravention of HUD guidelines regarding eligibility/verification of Section 8 recipients per federal housing laws. The gravamen of Petitioner's Petition is that HUD was wrong and that his removal from the Board was essentially unconstitutional; violated his due process rights; and/or arbitrary, capricious, or was an abuse of HUD's discretion, and hence of no validity. It is therefore apparent that this controversy concerns the validity of HUD's actions, thus conferring this Court with federal question jurisdiction.

8. At this time, there are no other Defendants or Respondents other than the present Respondent MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS.

Respectfully submitted,

DATED: August 27, 2007          KAUFMAN DOLOWICH & VOLUCK LLP

_____
Katherine S. Catlos, Esq.
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)