**KAUFMAN DOLOWICH & VOLUCK LLP**
ELIZABETH WILLIAMS, ESQ.   SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ.   SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ.   SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile: (415) 402-0679
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

FILED
[stamp] RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>Respondent. | Case No.: C07-4414 SBA<br><br>CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT |

I, Kim Daleiden, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Kaufman Dolowich & Voluck LLP, 351 California Street, Suite 500, San Francisco, California 94104, which is located in the City, County and State where the service described below took place.

//
//
//
//

- 1 -
CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1  On August 27, 2007, I caused to be served by hand, a copy of the NOTICE TO
2  ADVERSE PARTY OF REMOVAL TO FEDERAL COURT dated August 27, 2007, a copy of
3  which is attached to this Certificate, on Petitioner's counsel:

4  
5  Robert Borton, Esq.
   Christin J. Hill, Esq.
   Daniel Kaufman, Esq.
6  Heller Ehrman LLP
   333 Bush Street
7  San Francisco, CA 94104-2878
   Tel:  (415) 772-6000
8  Fax:  (415) 772-6268
   Attorneys for Petitioner HO RIM KAM

9  I declare under penalty of perjury under the laws of the United States of America that the
10 foregoing is true and correct.
11 Executed on August 27, 2007

12            *Kim Daleiden* (signature)
13            Kim Daleiden

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

**KAUFMAN DOLOWICH & VOLUCK LLP**
ELIZABETH WILLIAMS, ESQ.   SBN 92374
KATHERINE S. CATLOS, ESQ.   SBN 184227
URSULA D. TAMHANE, ESQ.   SBN 240491
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile:  (415) 402-0679
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| HO RIM KAM,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>Respondent. | Case No.:   CPF 07-507493<br>LIMITED CIVIL CASE<br><br>ACTION FILED: August 6, 2007<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURTS** |

TO PETITIONER HO RIM KAM AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on August 27, 2007.

A copy of said Notice of Removal is attached to this notice and is served and filed herewith.

DATED: August 27, 2007

**KAUFMAN DOLOWICH & VOLUCK LLP**

_____
Katherine S. Catlos, Esq.
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

- 1 -

1  KAUFMAN DOLOWICH & VOLUCK LLP
   ELIZABETH WILLIAMS, ESQ., SBN 92374
2  ewilliams@kdvlaw.com
   KATHERINE S. CATLOS, ESQ., SBN 184227
3  kcatlos@kdvlaw.com
   URSULA D. TAMHANE, ESQ., SBN 240491
4  utamhane@kdvlaw.com
5  351 California Street, Suite 500
   San Francisco, CA 94104
6  Telephone: (415) 402-0059
7  Facsimile:  (415) 402-0679
   Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS
8  GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HO RIM KAM, | Case No.: |
|---|---|
| Petitioner, | **NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1441(b) (FEDERAL QUESTION)** |
| vs. | |
| MARTIN LUTHER KING, JR.--MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, | |
| Respondent. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT RESPONDENT MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS hereby removes to this Court the State Court action described below.

1. On August 6, 2007, an action, specifically a Petition and Application for Issuance of Peremptory Writ of Mandamus was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled HO RIM KAM VS. MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, as Case Number CPF-07-507493 (hereto as Exhibit 1).

- 1 -
NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)

2. The first date upon which Respondent received a copy of said Petition and Application for Issuance of Peremptory Writ of Mandamus was on August 8, 2007. (A copy of the Proof of Service by hand delivery is attached hereto as Exhibit 2)

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Respondent pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the United States Housing Act of 1937, 42 USC §1437 *et. seq.* and its implementing regulations, including but not limited to: 1 CFR, part 5 (General HUD Program Requirements), 24 CFR, part 17 (Administrative Claim per Federal Tort Claims Act); and 24 CFR, part 28 (Fraud). Petitioner's claim is also one that technically implicates 5 U.S.C. §706 and arguably the Fifth Amendment right to due process contained in the United States Constitution.

4. The instant Petition for Peremptory Writ of Mandamus protests actions taken by the Federal Government. Specifically, Petitioner has premised his claim for relief on the United States Department of Housing and Urban Development's purported incorrect conclusion that Petitioner had fraudulently concealed his Illinois home on multiple occasions in order to receive Section 8 housing subsidies. Because Petitioner, on multiple occasions, misrepresented his assets on his HUD Form 50059s, HUD concluded that he owed the federal government additional rent ("carrying charges"). Respondent's By-laws provide for <u>automatic</u> removal of a *Board member* should the Petitioner fall behind in rent by 30 days. In addition, the By-laws call for removal of an *Officer* by a vote of the Board of Directors. Since HUD concluded that Petitioner was behind in rent by 30 days, he was <u>automatically</u> removed as a Director and subsequently removed as Treasurer by a majority vote of the Board of Directors. Thus, the issue posed by the Petition, whether Petitioner can properly be a member (or even a Treasurer) on the Board of Directors, implicates federal law and impugns actions taken by HUD.

5. The relief sought also creates a substantial issue of federal law. Petitioner has requested that the Court determine whether Petitioner properly reported his income per federal housing laws in order to be eligible for Section 8 housing subsidies and hence, not be in arrears of rent. HUD concluded that he had not properly reported his income. Petitioner essentially requests that the Court issue an order reversing HUD's conclusion regarding his <u>automatic</u>

removal (per the By-laws) from the Board of Directors and compelling his reinstatement to the Board of Directors. Consequently, Petitioner's relief is dependent upon interpretation of federal laws regarding eligibility, recertification of, and verification of income for Section 8 recipients.

6. In short, federal question jurisdiction is proper because the Federal Government has a strong interest in ensuring persons who have fraudulently reported assets in order to obtain federal subsidies not be a member of a Boards of Directors (with decision-making powers) over housing projects that the Federal Government subsidizes.

7. Although HUD is curiously not a named respondent in this matter, Petitioner has imputed HUD's conduct to Respondent, thus warranting federal court jurisdiction. The averments in the Petition and its supporting papers show that the relevant By-laws which govern the conduct of the project and the Board of Directors automatically expel Petitioner from the Board due to his own conduct in contravention of HUD guidelines regarding eligibility/verification of Section 8 recipients per federal housing laws. The gravamen of Petitioner's Petition is that HUD was wrong and that his removal from the Board was essentially unconstitutional; violated his due process rights; and/or arbitrary, capricious, or was an abuse of HUD's discretion, and hence of no validity. It is therefore apparent that this controversy concerns the validity of HUD's actions, thus conferring this Court with federal question jurisdiction.

8. At this time, there are no other Defendants or Respondents other than the present Respondent MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS.

Respectfully submitted,

DATED: August 27, 2007      **KAUFMAN DOLOWICH & VOLUCK LLP**

_____
Katherine S. Catlos, Esq.
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS