ROBERT BORTON (SBN 53191)
Email: robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
Email: daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>　　　　　　　　Respondent. | Case No.: C 07 4414 (SBA)<br><br>**PETITIONER HO RIM KAM'S NOTICE OF MOTION AND MOTION TO SHORTEN THE TIME FOR HEARING OF MOTION TO REMAND; (NORTHERN DISTRICT LOCAL RULE 6-3)**<br><br>The Honorable Saundra B. Armstrong<br>Date:　　N/A<br>Time:　　N/A<br>Court:　　Courtroom 3, 3rd Floor |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Petitioner Ho Rim Kam ("Mr. Kam") hereby moves the Court for an order shortening the time for hearing of Mr. Kam's Motion to Remand. The Motion to Remand is filed and served herewith. For the reasons set forth below, Mr. Kam requests that his Motion to Remand be heard and decided on September 11, 2007, the earliest possible date. Accordingly, Mr. Kam moves that the Court order a hearing and briefing schedule as follows:

| | |
|---|---|
| Opposition of Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors' ("the Board") to Motion to Remand to be filed and served by hand or facsimile | September 6, 2007 |
| Petitioner's Reply to be filed and served by hand or facsimile | September 10, 2007 |
| Motion to Remand | September 11, 2007, at 1:00 p.m. |

This motion is based on this Notice of Motion and Motion; the Declaration of Robert Borton filed herewith; Respondents Notice of Removal of Action and upon all pleadings, records, and files in this action; and such other and further evidence and arguments as the Court may properly consider.

## RELIEF SOUGHT

Petitioner requests that this Court shorten the time for hearing on his Motion to Remand, as set forth in the Notice above, and pursuant to Local Rule 6-3.

In Petitioner's companion Motion, he requests that the Court immediately Remand this action to the San Francisco Superior Court, so that the expedited California Writ of Mandate proceeding may continue. No federal question is pleaded or involved in the action, which is brought under the California Corporations Code and Code of Civil Procedure.

## POINTS AND AUTHORITIES

Mr. Kam seeks this relief because, under the standard briefing schedule set forth in Local Rule 7-2(a), Mr. Kam's Motion to Remand could not be heard until October 16,

2007, more than six weeks after his original Petition for Writ of Mandate was set to be heard in the Superior Court. The following facts are set forth in the Declaration of Robert E. Borton

## I.      Procedural Posture of the Case

Mr. Kam filed his Petition for Writ of Mandate in San Francisco Superior Court on August 6, 2007. The Petition was served on the President of Respondent Board on August 8, 2007. Because such a writ is intended quickly to redress the injury suffered when a duly elected board member of a California non-profit corporation is improperly prevented from exercising the rights of his office, California Code of Civil Procedure §1085 et seq, provides for a shortened notice period of as little as ten days. Petitioner's Writ was therefore scheduled to be heard on August 22, 2007. On August 21, the day before the writ return date, Mr. Kam's attorneys were contacted by opposing counsel asking for a stipulation to extend the time of the hearing. Opposing counsel stated that they had just been retained and had not had time to review the file. Mr. Kam agreed to a one week continuance, and to allow Respondent to file a belated response to the Petition. On August 27, the response date for the writ, Respondent removed the case to this Court, claiming that Mr. Kam's petition arises under federal law. This groundless removal has delayed the state Court's ruling on the mandamus action, and threatens still further delay.

## II.     Good Cause Exists for Shortening Time

Good cause exists to shorten time for hearing Mr. Kam's Motion to Remand. A quick resolution of the threshold question of federal jurisdiction is in the interest of both parties and is consistent with California's mandamus statute which provides for expedited relief.

### A.      Substantial Prejudice Will Result if the Notice Time is Not Shortened.

Throughout the dispute between Mr. Kam and the Board, and before the removal, both parties had expressed their wish to achieve a quick resolution of issues raised in the Writ Petition. For his part, Mr. Kam is being prevented from representing the Cooperative shareholders who elected him. Only a prompt resolution of the Writ will allow Mr. Kam

and his constituency to address critical financial issues now facing the Board. The question of federal removal jurisdiction must be settled first.

Equally important and as shown in Mr. Kam's Verified Petition, the Board is under pressure to make critical decisions regarding the Cooperative's finances. Because Mr. Kam's improper removal has interrupted Board deliberations, the Board has either been unwilling or incapable of carrying out its responsibilities. Moreover, any decisions taken while improperly excluding Mr. Kam will be deemed void if Mr. Kam's Mandamus Petition is eventually successful. This impasse has negatively affected the Board and the Cooperative's shareholders. By hearing the Motion to Remand on a shortened briefing schedule, Mr. Kam and the Board will be able promptly to resolve their dispute and the resulting conflicts.

**B.    Shortening Time is Consistent with the California Mandamus Statute**

Northern District Local Rule 7-2(a) requires 35 days notice prior to a hearing date. However, according to the Court's website, the earliest hearing date currently available for a motion on regular notice is October 16, 2007. On that schedule, even if this court were to remand, the San Francisco Superior Court would not be able to rule on the peremptory writ until at least October 26, 2007. Without an expedited hearing on Petitioner's Motion to Remand, the speedy remedy of §1085 is rendered meaningless.

**III.    A Decision on the Motion to Remand Can be Accomplished Quickly**

Mr. Kam's Motion to Remand is straightforward, as Respondent's Notice of Removal is unmeritorious on its face. The Writ Petition arises purely under state law, posing a simple issue of interpretation: Did the Board violate the Cooperative's By-laws by excluding Mr. Kam? Nowhere in the Petition does Mr. Kam rely upon or cite any federal law or regulation. For its part, Respondent contends that removal is proper. This issue can be quickly resolved upon the Court's review of the Petition and Respondent's Notice of Removal.

**II.    The Parties Have Been Unable to Agree Upon a Shortened Schedule.**

As shown in the accompanying Declaration of Robert Borton, the parties have been

3

unable to agree to a shortened schedule.

Mr. Kam believes that his rights and those of his constituent shareholders require the fastest possible resolution of his Writ Petition. Respondent's counsel, however, has stated that she is unavailable for a hearing on either September 11 or 18, 2007. She is available on September 25, but Mr. Kam believes that this threshold issue must be resolved much more quickly if the purpose of California's mandamus statute is to be realized. See exchange of correspondence between counsel, Exhibits 1 and 2 to the Borton Declaration. Further, Mr. Kam does not believe that oral argument on the Motion to Remand is likely to be necessary (unless the Court wishes to hear such argument). Accordingly, counsel's unavailability in San Francisco on the requested hearing date should not impede the relief sought here.

There have been no previous modifications of any time schedule in this action. The granting of this Motion will expedite decision of the federal jurisdiction issue and has no other effect upon scheduled matters herein. This Motion is being served electronically on counsel simultaneously with its filing. See Northern District Local Rule 6-3.

### III. Conclusion

For the foregoing reasons, Mr. Kam's requests that his Motion to Shorten the Time for Hearing of his Motion to Remand be granted and the proposed schedule be adopted, as set forth in the attached Proposed Order.

DATED: August 31, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By _____
ROBERT BORTON
Attorneys for Petitioner
HO RIM KAM