```
 1  ROBERT BORTON (Bar No. 53191)
    E-Mail: robert.borton@hellerehrman.com
 2  DANIEL KAUFMAN (Bar No. 246041)
    E-Mail: daniel.kaufman@hellerehrman.com
 3  HELLER EHRMAN LLP
 4  333 Bush Street
    San Francisco, CA  94104-2878
 5  Telephone: (415) 772-6000
 6  Facsimile: (415) 772-6268
 7
    Attorneys for Petitioner
 8  HO RIM KAM
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| HO RIM KAM, | Case No.: C 07-4414 SBA |
|---|---|
| Petitioner, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND PURSUANT TO 28 U.S.C. SECTION 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION** |
| v. | |
| MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, | |
| Respondent. | |
| | Date:   Sept. 11, 2007
Time:   1:00 p.m.
(contingent on the accompanying Motion to Shorten Time)

The Honorable Saundra B. Armstrong |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 11, 2007 at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Saundra B. Armstrong, Petitioner Ho Rim Kam will and does hereby move pursuant to 28 U.S.C. Section 1447 for an order remanding this action to the Superior Court of California for the County of San Francisco, and – as allowed by statute - awarding just costs and any actual expenses,

including attorney fees, incurred as a result of the removal.

## RELIEF SOUGHT

As set forth in the Notice above, Petitioner seeks an Order of immediate remand to the California Superior Court, along with an Order awarding his just costs, expenses and attorney's fees under 28 U.S.C. §1447.

## MEMORANDUM OF POINTS AND AUTHORITIES

This case does not belong in federal court.

Mr. Kam has not alleged a single federal cause of action. He brought his Verified Petition for a Peremptory Writ of Mandamus against the Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors ("Board") pursuant to a special state law: California Code of Civil Procedure § 1085, *et seq*. Nor do any of his claims arise under the federal Constitution or statutes—in fact, Mr. Kam's claims are unrelated to any federal law. His Petition simply asks for the mandamus relief directed by the California Legislature to his precise circumstances: where a private corporate Board is attempting to exclude a duly-elected Director in a manner contrary to the By-laws that govern the Board's conduct. Thus, the only question presented is whether the Board's attempts are precluded by the King-Garvey By-laws. This is a question of interpretation of the by-laws and application of the California Corporations Code. There is no federal question jurisdiction.

Nevertheless, counsel purporting to act on behalf of the Board[1] has removed this action asserting "federal question" jurisdiction. The Notice of Removal vaguely proposes that this action "arises under United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.* and its implementing regulations . . . 5 U.S.C. § 706 and arguably the Fifth Amendment,"

---

[1] As we show below, we have a serious question whether the deeply divided Board of this California non-profit entity, has actually voted to retain counsel, much less to seek Mr. Kam's exclusion. And, indeed, current counsel has told the undersigned that she had yet to meet with this "split" Board. Because Mr. Kam has obviously not been privy to counsel's communications, however, this remains an unresolved question.

2
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND PURSUANT TO 28 U.S.C. SECTION 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION

yet none of these authorities are cited in Mr. Kam's application, none are implicated by Mr. Kam's requested relief, and – to be blunt – none have any substantive bearing on any issue in this case. Accordingly Mr. Kam requests that this Court immediately remand this California statutory proceeding to the State Courts.

## I. BACKGROUND

Mr. Kam is a duly-elected Director and the Treasurer for the Board. Petition for Writ of Mandamus ("Pet."), Exh. 1 to Defendant's Notice of Removal,. at ¶ 6. Under the King-Garvey By-laws, a Director can only be removed in two instances: (1) by proposal and vote of the regular membership or (2) where the director is "more than thirty (30) days delinquent in payment of his carrying charges [rent]." *Id.* at ¶ 9; Kam Decl. (attached to Exh. 1 to Defendant's Notice) at Ex. N. The King-Garvey shareholders have not voted to remove Mr. Kam from the Board, and in no instance has Mr. Kam been "more than thirty (30) days delinquent." Pet. at ¶ 8. That means he cannot be removed from the Board.

Though Mr. Kam's Petition does not rely on any federal law or statute he did attach a letter written on March 5, 2007, by a federal employee, Angela Corcoran, the Acting Director of the Operations Division of the U.S. Department of Housing and Urban Development, San Francisco Regional Office ("HUD"). Corcoran's letter said that she had been told that Mr. Kam was delinquent in his rent to the Coop. Based upon this apparent second-hand report, she then offered her opinion that Mr. Kam "can no longer serve on the Board." Kam Decl. at Ex. D.[2] Ms. Corcoran also did not cite a single federal law to support her contention, which is simply an issue of the application and interpretation of the by-laws. And she herself cited only to those by-laws. *See id.* Subsequently, on March 13, 2007, a three-member faction of the Board then improperly voted to remove Mr. Kam from the Board. Pet. at ¶ 8.

On April 26, 2007, Mr. Kam's attorneys sent a letter to the President of the Board

---

[2] The Redacted Declaration of Ho Rim Kam Pending Motion to File Under Seal and its attachments are properly before this Court because they are part of and incorporated into Mr. Kam's Petition. *See* Petition at ¶ 5.

explaining that Mr. Kam's purported removal was illegal under the King-Garvey By-laws and California's Corporations Code. *Id.* at ¶ 10; Kam Decl. at Ex. F. On July 6, 2007, a different attorney purporting to represent the Board wrote a letter asserting the "Board's" belief that Mr. Kam was properly removed. Pet. at ¶ 10; Kam Decl. at Ex. G.[3] Just like the letter from Ms. Corcoran, the attorney purporting to represent the Board cited no federal law for his belief; again, he only cited the King-Garvey By-laws. Kam Decl. at Ex. G. On July 24, 2007, the same faction of the Board that voted to remove Mr. Kam wrote a letter stating that "Mr. Kam is automatically removed as a Director under the provisions in the bylaws at Article V, Section 5, and as Treasurer by vote of the Board under authority of the bylaws at Article VI, Section 3." Kam Decl. at Ex. N. For the third time, the Board-faction's letter cites no federal law. *See id.* This is purely and entirely a squabble between factions of the Coop Board over the Corporation's by-law provisions.[4]

On August 6, Mr. Kam brought his Petition for a Peremptory Writ of Mandamus under California Code of Civil Procedure Section 1085 because "[t]hat vote was illegal and in violation of the King-Garvey By-laws. . . ." Pet. at ¶ 8.[5] He did not assert any cause of action under federal law and his petition does not rely or turn upon any federal authority.

## II.   AUTHORITY AND ANALYSIS

### A.   Remand Is Necessary Because Removal Was Inappropriate.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (citation omitted). "Removal

---

[3] This attorney was not properly retained by the Board, which to Mr. Kam's knowledge has never yet voted formally to retain any attorney. Kam Decl., ¶ 9.

[4] Though as shown in his Petition, Mr. Kam believes that the underlying purpose of the effort to remove him was to disable his vote on a complex and critical financial issue that evenly divided the other six Board members.

[5] Cal. Code Civ. Pro. § 1085(a) provides that "[a] writ of mandate may be issued by any court to any . . . board . . . to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such . . . board. . . .").

jurisdiction is statutory and strictly construed." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Thus, any doubts as to removability are resolved in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**B.   No Federal Question Is Raised In The Petition.**

The Board's sole alleged basis for removal is the artfully vague assertion that a "federal question" exists because Mr. Kam's petition "arises under United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.* and its implementing regulations . . . 5 U.S.C. § 706 and arguably the Fifth Amendment." Notice of Removal at ¶ 3.

The Board is wrong. "Federal courts look only to a plaintiff's pleadings to determine removability." *Gould*, 790 F.2d at 773. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). "[W]hether a case is one arising under [federal law], in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41 (1989) (per curiam) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

Mr. Kam's well-pleaded claim is based on a special mandamus remedy created by the California Legislature. Neither his Petition, the sole basis for his Petition (California Code of Civil Procedure 1085 and relevant sections of California's Corporations Code), nor the papers he submitted in support thereof mention any federal law, let alone any citation to, discussion of, or reference to the United States Housing Act, its implementing regulations, the Administrative Procedure Act, or the Fifth Amendment.

Nor is any substantial question of federal law presented. Federal question jurisdiction may sometimes exist where state law claims "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). But this is true only "where the vindication of a

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND PURSUANT TO 28 U.S.C. SECTION 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION

right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). Thus, the following three-part test applies:

1. Does the state law claim necessarily raise a federal issue?

2. Is the federal issue "actually disputed" and "substantial"?

3. Would the exercise of federal jurisdiction disturb "any congressionally approved balance of federal and state judicial responsibilities" so as to substantially increase the volume of federal litigation?

*Grable & Sons Metal Products, Inc. v. Darue Engineering.*, 545 U.S. 308, 313-14 (2005).

Under the first *Grable* requirement, Mr. Kam's state law claim does not raise a federal issue. The only issue here is whether, *under the Coop By-laws (not under federal law)*, Mr. Kam is entitled to remain on the Board. That is not a federal issue. No federal law governs the by-laws of a California non-profit, and it is irrelevant to this case what any HUD employee thinks the King-Garvey By-laws mean. Moreover, the Board is outright wrong when it contends that Mr. Kam "protests actions taken by the Federal Government." Notice of Removal at ¶ 4. The petition unambiguously provides that Mr. Kam does no such thing; he merely protests actions taken by the faction of the Board that attempted to exclude him in contravention of the King-Garvey By-laws. Pet. at ¶¶ 8-11.

Similarly, the Board is incorrect when it states that Mr. Kam seeks some relief relating to federal law or HUD. *See* Notice of Removal at ¶ 5. The prayer for relief expressly and unambiguously asks for "a Peremptory Writ of Mandamus, pursuant to California Code of Civil Procedure §1085, directed to the Respondent and compelling it to admit Petitioner to the use and enjoyment of all rights and privileges of a Board member of King-Garvey, to which he is duly entitled under the By-laws thereof." *Id.* at Prayer ¶ 1. The relief Mr. Kam seeks has nothing to do with federal law and Mr. Kam has not asked for any relief against HUD.

Since there is no federal issue, the second *Grable* requirement is irrelevant.

Third, any exercise of federal jurisdiction would substantially increase the volume of

federal litigation. The Board basically argues that a federal question is raised any time a federal agency is involved, however tangentially, in litigation wholly under state law. That would mean, for example, that every unlawful detainer case involving Section 8 housing would be removable as a federal question. But courts—including this one—have refused to throw open the doors to the federal courts to such claims, except where there is an independent jurisdictional basis disclosed *on the face of the complaint* (such as diversity jurisdiction or that some property at issue is a "federal enclave"). *See Cooper v. Washington Mut. Bank*, No. C03-554 VRW, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003) (remanding an unlawful detainer case); *Washington v. Municipal Court*, No. C-99-0568 MHP, 1999 WL 144870, at *2 (N.D. Cal. Mar. 12, 1999) (same). The Petition shows, however, that the parties are not diverse and there is no "federal enclave" involved. *See* Notice of Removal at ¶ 3 (alleging only federal question jurisdiction under §1331); *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D.Cal. 2005) (defining a "federal enclave" as land acquired by the federal government pursuant to the Constitution "from the states for certain specified uses and to exercise exclusive jurisdiction over such lands, which are known as federal enclaves").

Petitioner respectfully suggests that the Removal Notice here was hastily but erroneously considered as a means to disable the California Court from proceeding with expedited mandamus relief. Mr. Kam requests that the Court immediately remand this action to the California Court where it belongs.

### C.  Request for Fees Pursuant to 28 U.S.C. Section 1447(c)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees under Section 1447(c) need not be supported by a finding of bad faith because the award "is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Moore v. Permanente Medical Group*, 981 F.2d 443, 446-47 (9th Cir. 1992) (quoting *Moore v. Kaiser Foundation Hospital, Inc.*, 765 F. Supp. 1464 (N.D. Cal. 1991)). "[T]he decision as to

whether to award fees under § 1447(c) turns primarily, if not solely, on the merit of the removal. . . . Congress meant § 1447(c) to be a signal *that in every removal there is risk of having to pay the plaintiff's reasonable attorneys fees.*" *Gray v. New York Life Ins. Co.*, 906 F. Supp. 628, 637 (N.D. Ala. 1995).

> Every gambler occasionally loses. Before he rolls the dice he knows that he might come up "snake eyes." Some gamblers, such as the removing defendants in this case, are better at assessing risk than others. A defendant's risk assessment must be intelligent as well as honest. There is no place for playing a hunch or for simply betting on which judge the case will be assigned to. . . . This is why "good faith" is not a defense to a claim for § 1447(c) fees. Defendants in the instant case took a calculated (or possibly an uncalculated) risk, presumptively understanding that they had the burden both to plead and to prove a basis for the removal and not to come up with an after-the-fact rationalization.

*Id.* Here, removal was without foundation. Even a cursory reading of Mr. Kam's Petition reveals that this Court has no original jurisdiction. Accordingly, Mr. Kam respectfully requests an award of costs and expenses. If allowed, Mr. Kam will submit a bill of costs and expenses upon the issuance of the Court's remand.

### III.  CONCLUSION

Mr. Kam requests that the Court remand this action to the San Francisco County Superior Court and award him the costs and expenses incurred as a result of the removal.

August 31, 2007                              Respectfully submitted,

HELLER EHRMAN LLP

By _____
Robert E. Borton
Attorneys for Petitioner HO RIM KAM

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND PURSUANT TO 28 U.S.C. SECTION 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION