1 ROBERT BORTON (SBN 53191)
Email: robert.borton@hellerehrman.com
2 DANIEL KAUFMAN (SBN 246041)
Email: daniel.kaufman@hellerehrman.com
3 HELLER EHRMAN LLP
333 Bush Street
4 San Francisco, CA 94104-2878
Telephone: (415) 772-6000
5 Facsimile: (415) 772-6268

6 Attorneys for Petitioner
HO RIM KAM
7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  HO RIM KAM, | Case No.: C 07 4414 (SBA) |
| 12                        Petitioner, | **[REVISED PROPOSED] ORDER TO SHORTEN THE TIME FOR HEARING OF MOTION TO REMAND** |
| 13  v. | **(NORTHERN DISTRICT LOCAL RULE 6-3)** |
| 14  MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, | The Honorable Saundra B. Armstrong |
| 15 | Date:     N/A |
| 16                        Respondent. | Time:     N/A |
| 17 | Court:     Courtroom 3, 3rd Floor |

18

19        The motion of Petitioner Ho Rim Kam for an order shortening the time for hearing of

20 his Motion to Remand came on for hearing before this Court, with Heller Ehrman LLP

21 appearing as attorney for Petitioner and Kaufman, Dolowich & Voluck LLP appearing for

22 Respondent.  Notice of the Motion was properly made.

23                              **BACKGROUND**

24        This action originated as a Verified Petition for Issuance of Peremptory Writ of

25 Mandamus, filed by Petitioner Ho Rim Kam in the California Superior Court, in and for the

26 County of San Francisco.  The Petition was filed on August 6, 2007, served on Respondent

27 on August 8, and removed to this Court by Respondent's Notice of Removal filed on

28 August 27, 2007, pursuant to 28 U.S.C. § 1331.

---

1    Petitioner filed a timely Notice and Motion for Remand on August 31, 2007, arguing

2    that his Petition alleges no federal cause of action and raises no federal question.  Petitioner

3    points out that, under the standard briefing schedule set forth in Local Rule 7-2(a), Mr.

4    Kam's Motion to Remand could not be heard until October 16, 2007, more than six weeks

5    after his original Petition for Writ of Mandate was set to be heard in the Superior Court.

6    Accordingly, Petitioner requests that this Court shorten the time for hearing on his

7    Motion to Remand, pursuant to Local Rule 6-3, so that the expedited California Writ of

8    Mandate proceeding may continue in the California Superior Court.

9                                          **LEGAL STANDARD**

10    Under Local Rule 6-3 (d), "After receiving a motion to …shorten time and any

11    opposition, the Judge may grant, deny, modify the requested time change…."  Such a

12    request is addressed to the Court's discretion.

13                                              **ANALYSIS**

14    As shown in his moving papers, Mr. Kam filed his Petition for Writ of Mandate in

15    San Francisco Superior Court on August 6, 2007.  The Petition was served on the President

16    of Respondent Board on August 8, 2007.  Because such a writ is intended quickly to redress

17    the injury suffered when a duly elected board member of a California non-profit corporation

18    is improperly prevented from exercising the rights of his office, California Code of Civil

19    Procedure §1085 et seq, provides for a shortened notice period of as little as ten days.

20    Petitioner's Writ was scheduled to be heard on August 22, 2007.  On August 27, the

21    response date for the writ, Respondent removed the case to this Court, claiming that Mr.

22    Kam's petition arises under federal law.  This removal has delayed the state Court's ruling

23    on the mandamus action, and threatens still further delay.

24    The Court finds that Mr. Kam has shown good cause for shortening time for the

25    hearing on his Motion to Remand this action to the California Superior Court.  Substantial

26    prejudice will result if the notice period is not shortened, in that Mr. Kam is being prevented

27    from representing the Cooperative shareholders who elected him.  Only a prompt resolution

28    of the Writ will allow Mr. Kam and his constituency to address critical financial issues now

1  facing the Board.  The question of federal removal jurisdiction must be settled first,

2  however, before that Writ proceeding may continue.

3        Further, shortening time is consistent with the purpose of the California Mandamus

4  statute, and the issues presented by the Remand Motion are capable of prompt resolution

5  upon the pleadings.

6        Mr. Kam's Application makes all of the required showings under Local Rule 6-3.

7                                    **CONCLUSION**

8

9        Accordingly, after full consideration of the moving and opposing papers, the Court

10  grants Petitioner's motion to shorten time of notice and advance the hearing date of the

11  Motion to Remand.  It is therefore ORDERED as follows:

12

13  Opposition of Martin Luther King, Jr.-Marcus Garvey Square          September 6, 2007
    Cooperative Board of Directors' ("the Board") to Motion to
14  Remand to be filed and served by hand or facsimile
    Petitioner's Reply to be filed and served by hand or facsimile       September 10, 2007
15

16  Motion to Remand                                                     September 11, 2007 at
                                                                         1:00 p.m.
17
        DATED: _____
18

19                                          _____
                                            JUDGE OF THE UNITED STATES
20                                          DISTRICT COURT

21

22

23

24

25

26

27

28