ROBERT BORTON (SBN 53191)
Email: robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
Email: daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>　　　　　　　Respondent. | Case No.: C 07 4414 (SBA)<br><br>**[REVISED PROPOSED] ORDER GRANTING MOTION TO REMAND**<br>**(28 U.S.C. § 1447)**<br><br>The Honorable Saundra B. Armstrong<br>Date:　September 11, 2007<br>Time:　1:00 p.m.<br>Court:　Courtroom 3, 3rd Floor |

The motion of Petitioner Ho Rim Kam for an Order remanding this case to the California Superior Court came on for hearing before this Court with Heller Ehrman LLP appearing as attorney for Petitioner and Kaufman, Dolowich & Voluck LLP appearing for Respondent. Notice of the Motion was properly made on shortened time.

### BACKGROUND

This action originated as a Verified Petition for Issuance of Peremptory Writ of Mandamus, filed by Petitioner Ho Rim Kam in the California Superior Court, in and for the County of San Francisco. The Petition was filed on August 6, 2007, served on Respondent on August 8, and removed to this Court by Respondent's Notice of Removal filed on August 27, 2007, pursuant to 28 U.S.C. § 1331.

Petitioner filed his timely Notice and Motion for Remand on August 31, 2007. In his remand motion, Petitioner argues that his Petition alleges no federal cause of action and raises no federal question. Accordingly, Petitioner asks the Court to remand this entire action, excluding only his ancillary request for expenses, under 28 U.S.C. § 1447.

## LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (citation omitted). "Removal jurisdiction is statutory and strictly construed." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Thus, any doubts as to removability are resolved in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## ANALYSIS

The Board's sole alleged basis for removal is the assertion that a "federal question" exists because Mr. Kam's petition "arises under United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq.* and its implementing regulations . . . 5 U.S.C. § 706 and arguably the Fifth Amendment." Notice of Removal at ¶ 3.

The Board is wrong. "Federal courts look only to a plaintiff's pleadings to determine removability." *Gould*, 790 F.2d at 773. "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). "[W]hether a case is one arising under [federal law], in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41 (1989) (per curiam) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

Mr. Kam's claim is based on a special mandamus remedy created by the California

Legislature. Neither his Petition, the sole basis for his Petition (California Code of Civil Procedure 1085 and relevant sections of California's Corporations Code), nor the papers he submitted in support thereof mention any federal law. They do not include any citation to, discussion of, or reference to the United States Housing Act, its implementing regulations, the Administrative Procedure Act, or the Fifth Amendment.

Nor is any substantial question of federal law presented. Federal question jurisdiction may sometimes exist where a state law claim "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). But this is true only "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). Here, however, Petitioner's state law claim does not itself raise any federal issue, no relief is sought under any federal law or regulation, and an exercise of federal jurisdiction here would, moreover, run counter to the "congressionally approved balance of federal and state judicial responsibilities" by improperly, and imprudently, increasing the volume of federal litigation. See *Grable & Sons Metal Products, Inc. v. Darue Engineering.*, 545 U.S. 308, 313-14 (2005).

## CONCLUSION

Accordingly, after full consideration of the moving and responding papers, the Court grants Petitioner's Motion to Remand. The Court finds that this action does not arise under the Constitution or laws of the United States, but instead alleges only claims arising under State law. It is therefore ORDERED that this action is immediately remanded, in its entirety, to the San Francisco Superior Court, with the sole exception of an ancillary Application for fees and costs, as set forth below.

It is further ORDERED that Petitioner's request for an award of fees and costs under 28 U.S.C. § 1447 is also granted. Petitioner is directed to submit his application for such expenses, within 15 days from the date of this Order, in the form of a Declaration of counsel. Respondent shall have five days to respond to such Application and the Court

shall then rule without hearing.  Except for this ancillary proceeding, and as set forth above, this entire action is immediately remanded and shall resume in the California Superior Court.

DATED: _____

_____
JUDGE OF THE UNITED STATES
DISTRICT COURT