**KAUFMAN DOLOWICH & VOLUCK LLP**
ELIZABETH WILLIAMS, ESQ., SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ., SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ., SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile: (415) 402-0679
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS
GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM, | Case No.:     C 07 4414 SBA |
| Petitioner, | **RESPONDENT'S OPPOSITION TO MOTION TO SHORTEN TIME FOR HEARING OF MOTION TO REMAND** (N.D. Local Rule 6-3) |
| vs. | |
| MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, | Date: N/A Time: N/A Court: Courtroom 3, 3rd Floor Judge: Hon. Saundra B. Armstrong |
| Respondent. | |

## I.     INTRODUCTION

There is no "good cause" for Petitioner's request to shorten time for hearing on Motion to Remand to September 11, 2007 especially where the proposed briefing schedule requires that Opposition be filed to the Motion to Remand before this Court even rules on whether it will be heard on an expedited basis!  Because absent hearing on shortened notice the Motion to Remand will not be heard until October 16, 2007, in the spirit of cooperation, Respondent requests that the Motion be set for hearing on September 25, 2007, that Respondent's Opposition be due on September 14, 2007 and that Petitioner's Reply be due on September 20, 2007 to allow Respondent time to file substantive Opposition and relieve the Court of undue burden.

RESPONDENT'S OPPN TO MOTION TO SHORTEN TIME RE MTN TO REMAND

## II.    ARGUMENT

### A.    NO GOOD CAUSE EXISTS TO HEAR PETITIONER'S MOTION TO REMAND ON SEPTEMBER 11, 2007.

Petitioner seeks hearing on Motion to Remand so that he can proceed to obtain expedited writ relief. His stated basis for this Order Shortening Time is that:

> …Mr. Kam is being prevented from representing the Cooperative Shareholders who elected him. Only a prompt resolution of the Writ will allow Mr. Kam and his constituency to address critical financial issues now facing the Board. The question of federal removal jurisdiction must be settled first. Equally important and as shown by Mr. Kam's Verified Petition, the Board is under pressure to make critical decisions regarding the Cooperative's finances. Because Mr. Kam's improper removal has interrupted the Board deliberations, the Board has either been unwilling or incapable of carrying out its responsibilities…. (Petitioner's Motion, pp.2:27-3:6).

Petitioner then refers the Court to his Application for Peremptory Writ of Mandamus to figure out what he is talking about when he refers to "financial issues facing the Board."

Respondent submits that Petitioner's stated basis (set forth above) for an expedited hearing and unruly briefing schedule does not show "good cause" for the relief requested. In fact, there are no exigent circumstances to support Petitioner's request for relief:

First, Petitioner's vague reference without detailing "what" financial issues Petitioner contends are "facing the Board" accompanied by his mere speculation that Board business ceased since his automatic termination form the Board is not "good cause" for the relief requested given the burden such will impose on Respondent and the Court.

Specifically, Petitioner has not cited to any pending Board meetings "to address" alleged financial issues because no Board meetings are presently scheduled to address such issues of corporate finance between September 11, 2007 and September 25, 2007, the date Respondent suggests as a reasonable compromise to Petitioner's request. (Declaration of Katherine S. Catlos [Catlos Decl.] at ¶5).

Second, a review of the Application for Writ reveals that the Board decision referenced by Petitioner related to whether or not a proposal for rehabilitation and repair of the Coop would

1 be accepted.  See Paragraph 4 of Kam's Redacted Declaration ["Kam Redacted Decl."] in

2 Support of his Application for Peremptory Writ of Mandamus.  This concern does not represent

3 "good cause" to set the hearing for September 11, 2007 because the Board already voted and

4 approved the subject rehabilitation and repair proposal on July 26, 2007. (Catlos Decl. ¶5).

5      Thus, contrary to Petitioner's claim, no Board deliberations regarding financial concerns

6 have been "interrupted" and no such deliberations are presently set for decision on or before

7 September 25, 2007.   Petitioner has not presented any true and valid "good cause" to support the

8 extraordinarily burdensome relief requested to expedite the hearing to September 11, 2007.

9      Moreover, Petitioner does not even demonstrate a "good reason" for his request to

10 expedite the hearing date to September 11, 2007 instead of September 25, 2007.   In fact, none

11 exists. Notably, Petitioner claims that he was wrongfully expelled from the Board on <u>March 13,</u>

12 <u>2007.</u> However, Petitioner waited to file his Application for Writ until <u>August 6, 2007.</u>  Since

13 Petitioner delayed five (5) months to file his Application for Writ, a two week delay to hear

14 Petitioner's Motion to Remand is not out of line. (Catlos Decl. ¶6).

## B.    RESPONDENT WILL BE PREJUDICED IF TIME FOR HEARING IS SHORTENED TO SEPTEMBER 11, 2007.

17      Prior to filing the present Motion, counsel sought a stipulation that his client's Motion to

18 Remand be heard on September 11, 2007.  At that time, Petitioner's counsel was informed that

19 Ms. Catlos was due to be out of the office from September 7, 2007 to September 12, 2007 and

20 was already scheduled for all day mediation in another matter on September 18, 2007.

21 Therefore, Ms. Catlos agreed to shorten time for hearing on the Motion to Remand to September

22 25, 2007 given conflicts with other pending legal matters.  Petitioner's counsel rejected this

23 proposal and insisted on an extremely shortened briefing schedule. (Catlos Decl. ¶¶ 1, 7).

24      Petitioner's counsel is not being fair.  Not only will an expedited hearing preclude Ms.

25 Catlos from attending a significant hearing, the suggested briefing schedule requires Respondent

26 to file a "rushed" Opposition to the Motion to Remand, a significant issue, before this Court even

27 rules on whether shortened time will be granted – all to Respondent's prejudice.  This was

28 explained to Petitioner's counsel to no avail. (Catlos Declaration at ¶¶3, 4).

On the other hand, Respondent has suggested an organized hearing and briefing schedule which does not burden the Court and counsel.  Given the present circumstances it cannot be disputed that setting Petitioner's Motion for September 25, 2007, that Respondent's Opposition be due on September 14, 2007 and that Petitioner's Reply be due on September 20, 2007, is a most reasonable compromise that provides appropriate courtesies to the Court and all counsel.

### C.     PETITIONER'S CLAIM THAT THIS CASE SHOULD BE REMANDED IS NOT WELL TAKEN.

Contrary to Petitioner's counsel's Declaration, Respondent's Notice of Removal was not filed in a hasty, gamesmanship manner.

This case arises from Petitioner's failure to accurately report his assets while applying for and receiving Section 8 Housing Assistance Payments.  Petitioner's failure to report his ownership of at least one house worth over $300,000 during the years 2001-2004 until caught, caused HUD to pay housing monies on Petitioner's behalf he would not have otherwise been entitled to receive.  Once Petitioner's conduct was discovered by HUD (which also apparently took into account that the relevant event was the third time that Petitioner and members of his household had concealed assets), HUD issued a directive to Respondent Board invoking the Coop's Bylaws which provided for automatic removal of Petitioner from the Board due to his arrearages in back rents owed and not paid on demand or for months thereafter.  Left with no choice but to follow HUD's mandate given the nature of the Coop's structure and governing documents, the Board followed HUD's directive and brought the Coop in compliance with its Bylaws.  (Catlos Decl. ¶8.)

Accordingly, Petitioner's claim is necessarily premised on the claim that HUD's allegations (leading to his removal) were erroneous and unfounded.  This in turn requires resolution of the issue of whether HUD's action was appropriate.

Respondent's removal of this case to this Court was based on good faith and well founded and substantial analysis and research.  Respondent intends to present to this Court detailed factual and legal support of its bona fide decision to remove this case to the present jurisdiction and merely requires sufficient time to do so.

RESPONDENT'S OPPN TO MOTION TO SHORTEN TIME RE MTN TO REMAND

## III. CONCLUSION

For all of the foregoing reasons, Respondent respectfully requests that Petitioner's Motion to Shorten the Time for Hearing on Motion to Remand to September 11, 2007 which adopts a briefing schedule requiring Respondent to file Opposition no later than September 6, 2007 be denied.

In the alternative, if this Court is inclined to grant Petitioner's request and the Court's calendar permitted, Respondent respectfully requests that Petitioner's Motion to Remand be set for hearing on September 25, 2007, that Respondent's Opposition be due on September 14, 2007 and that Petitioner's Reply be due on September 20, 2007 to allow Respondent time to file substantive Opposition and relieve the Court of undue burden.

Respectfully submitted,

DATED: September 5, 2007          **KAUFMAN DOLOWICH & VOLUCK LLP**

Katherine S. Catlos, Esq.
Attorneys for Respondent MARTIN LUTHER
KING, JR.-MARCUS GARVEY SQUARE
COOPERATIVE BOARD OF DIRECTORS