KAUFMAN DOLOWICH & VOLUCK LLP
ELIZABETH WILLIAMS, ESQ., SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ., SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ., SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile:  (415) 402-0679

Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>      Petitioner,<br><br>vs.<br><br>MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>      Respondent. | Case No.:   C 07 4414 SBA<br><br>**DECLARATION OF KATHERINE S. CATLOS IN SUPPORT OF RESPONDENT'S OPPOSITION TO MOTION TO SHORTEN TIME FOR HEARING OF MOTION TO REMAND**<br>(N.D. Local Rule 6-3)<br><br>Date: N/A<br>Time: N/A<br>Court: Courtroom 3, 3rd Floor<br>Judge: Hon. Saundra B. Armstrong |

I, Katherine S. Catlos, declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and before the United States District Court for the Northern District of California, and am a member of the law firm, Kaufman Dolowich & Voluck LLP, counsel for Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I would testify competently to the facts stated herein.

2. I submit this declaration in support of Respondent's Opposition to Petitioner Ho Rim Kam's Motion to Shorten Time for Hearing of Motion to Remand. There is no "good cause" for

Petitioner's request to shorten time for hearing on Motion to Remand to September 11, 2007 especially where the proposed briefing schedule requires that Opposition be filed to the Motion to Remand <u>before</u> this Court even rules on whether it will be heard on an expedited basis. Because absent hearing on shortened notice the Motion to Remand will not be heard until October 16, 2007, in the spirit of cooperation, Respondent requests that the Motion be set for hearing on September 25, 2007, that Respondent's Opposition be due on September 14, 2007 and that Petitioner's Reply be due on September 20, 2007 to allow Respondent time to file substantive Opposition and relieve the Court of undue burden.

  3. On August 30, 2007, Petitioner's counsel, Robert Borton, called me about stipulating to a shortened time schedule to hear Petitioner's Motion to Remand. Mr. Borton requested that the hearing be set in the next 10 days, on Tuesday, September 11, 2007. Unfortunately, I am out of the office on September 11, 2007 in Los Angeles on business and on the following Tuesday (the designated weekday on which this Court hears motions), September 18, 2007, I am in Sacramento for a second-day mediation involving five other parties. In an effort to compromise, I suggested that we stipulate to have Petitioner's Motion to Remand heard on Tuesday, September 25, 2007. A true and correct copy of a letter documenting my discussion with Mr. Borton is attached to his declaration as Exhibit 2.

  4. Mr. Borton rejected my proposed date of September 25, 2007 and proceeded with filing the present Motion to Shorten Time to have his client's Motion to Remand heard on an extremely expedited basis, on September 11, 2007. Petitioner has requested that Respondent's Opposition brief to the Motion to Remand be filed on <u>September 6, 2007</u>. This is unfair as there is no good cause to expedite the hearing date on Petitioner's Motion to Remand.

  5. Contrary to Mr. Borton's representations in his declaration in Support of the Motion to Shorten Time, there are <u>no</u> Board meetings presently scheduled to address issues of corporate finance between September 11, 2007 and September 25, 2007, the date Respondent suggests as a reasonable compromise to Petitioner's request. Moreover, there are no Board meetings presently scheduled to address "critical decisions of corporate finance" of the Martin Luther King, Jr.-Marcus Garvey Square Cooperative ("Coop"). Indeed, the only Board decision of concern raised

- 2 -
DECLARATION OF K. CATLOS IN SUPPORT OF OPP'N RE MOTION TO SHORTEN TIME

by Petitioner in his Application for Peremptory Writ of Mandamus, addressed whether or not the Board would approve a proposal for rehabilitation and repair. (See Paragraph 4 of Kam's Redacted Declaration ["Kam Redacted Decl."] in Support of his Application for Peremptory Writ of Mandamus.) This decision has already been made; the Board approved the rehabilitation and repair proposal on July 26, 2007. See Exhibit 1, attached to my declaration, a true and correct copy of an August 16, 2007 letter from the United States Department of Housing and Urban Development ("HUD") to the Board concerning the rehabilitation and repair project. See Exhibit 2, attached to my declaration, a true and correct copy of Board meeting minutes approving said rehabilitation and repair project. In short, the Board's deliberations have not been "interrupted" by Petitioner's Application for Peremptory Writ of Mandamus, contrary to Mr. Borton's Declaration in Support of the Motion to Shorten Time.

6. Moreover, Petitioner does not even demonstrate a "good reason" for his request to expedite the hearing date to September 11, 2007 instead of September 25, 2007. In fact, none exists. Notably, Petitioner claims that he was wrongfully expelled from the Board on March 13, 2007. However, Petitioner waited to file his Application for Writ until August 6, 2007. Since Petitioner delayed five (5) months to file his Application for Writ, a two week delay to hear Petitioner's Motion to Remand is not out of line. (See Paragraph 7 of Kam's Decl.)

7. Even though there are no exigent circumstances to have the Motion to Remand heard on an expedited basis, I agreed to stipulate to shortened time to have Petitioner's Motion to Remand heard on September 25, 2007. Again, Petitioner rejected this proposal and sought to have the Motion to Remand heard on September 11, 2007, while I am out of the office.

8. Contrary to Petitioner's counsel's Declaration, Respondent's Notice of Removal was not filed in a hasty, gamesmanship manner. This case arises from Petitioner's failure to accurately report his assets while applying for and receiving Section 8 Housing Assistance Payments. Petitioner's failure to report his ownership of at least one house worth over $300,000 during the years 2001-2004 until caught, caused HUD to pay housing monies on Petitioner's behalf he would not have otherwise been entitled to receive. Once Petitioner's conduct was discovered by HUD (which also apparently took into account that the relevant event was the

third time that Petitioner and members of his household had concealed assets), HUD issued a directive to Respondent Board invoking the Coop's Bylaws which provided for automatic removal of Petitioner from the Board due to his arrearages in back rents owed and not paid on demand or for months thereafter. Left with no choice but to follow HUD's mandate given the nature of the Coop's structure and governing documents, the Board followed HUD's directive and brought the Coop in compliance with its Bylaws. See the true and correct copy of a November 7, 2006 email from HUD documenting the third time Petitioner and members of his household had concealed assets, attached to my declaration as Exhibit 3, and a true and correct copy of Exhibit D to Mr. Kam's Declaration in Support of his Application for Peremptory Writ of Mandate attached to my declaration as Exhibit 4.

9. Accordingly, Petitioner's claim is necessarily premised on the claim that HUD's allegations (leading to his removal) were erroneous and unfounded. This in turn requires resolution of the issue of whether HUD's action was appropriate. Respondent's removal of this case to this Court was based on good faith and well founded and substantial analysis and research. Respondent intends to present to this Court detailed factual and legal support of its bona fide decision to remove this case to the present jurisdiction and merely requires sufficient time to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on this 5th day of September 2007.

_____
Katherine S. Catlos