KAUFMAN DOLOWICH & VOLUCK LLP
ELIZABETH WILLIAMS, ESQ., SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ., SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ., SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 402-0059
Facsimile: (415) 402-0679
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>  Petitioner,<br><br>  vs.<br><br>MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>  Respondent. | Case No.: C 07 4414 (SBA)<br><br>**[PROPOSED] ORDER DENYING PETITIONER HO RIM KAM'S MOTION TO REMAND (28 U.S.C. § 1447)**<br><br>Date      : October 16, 2007<br>Time      : 1:00 p.m.<br>Location  : Courtroom 3, 3rd Floor<br>Judge     : Hon. Saundra B. Armstrong |

The motion of Petitioner Ho Rim Kam for an Order remanding this case to the California Superior Court came on for hearing on October 16, 2007 before this Court with Heller Ehrman LLP appearing as attorney for Petitioner and Kaufman Dolowich & Voluck LLP appearing for Respondent.

## BACKGROUND

Petitioner Ho Rim Kam initially filed a Verified Petition for Issuance of Peremptory Writ of Mandamus on August 6, 2007, in the California Superior Court in and for the County of San Francisco to return him to Board as a Director and Treasurer of the Martin Luther King, Jr.-Marcus Garvey Square Cooperative ("Cooperative"). Respondent Board received a copy of this

- 1 -

[PROPOSED] ORDER DENYING PETITIONER HO RIM KAM'S MOTION TO REMAND
CASE NO. C 07 4414 (SBA)

Petition on August 8, 2007.

On August 27, 2007, Respondent filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b). On August 31, 2007, Petitioner filed the present Motion for Remand.

Respondent Board opposed Petitioner's Motion to Remand on that ground that federal jurisdiction is appropriate because resolution of Petitioner's claim turns on whether, in complying with a <u>unilateral</u> directive issued by the United States Department of Housing and Urban Development (HUD), Respondent properly removed Petitioner from its Board of Directors.

## LEGAL STANDARD

The federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331.

A defendant may remove to federal court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a).

The removing party bears the burden of establishing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

## ANALYSIS

Federal court jurisdiction is appropriate if resolution of a matter requires an interpretation of federal law.

Here, HUD declared that Petitioner was automatically removed from the Cooperative's Board of Directors because he was delinquent on his rent payments in accord with the Cooperative's Bylaws. HUD directed Respondent Board to come into compliance with its Bylaws. Acting in accordance with this directive, Respondent removed Petitioner from his position on the Board.

If resolution of Petitioner's claim requires an analysis of the propriety of the federal agency's basis for requiring Petitioner's removal (i.e. whether HUD's stated basis was "erroneous and unfounded" as Petitioner alleges) and whether Respondent Board is required to comply with a federal agency's directives to maintain funding for the "Cooperative", a nonprofit housing corporation which HUD subsidizes under the United States Housing Act of 1937, 42

USC §1437, *et. seq.*, federal jurisdiction is appropriate.

This Court notes that in his Declaration in support of his Application for Peremptory Writ of Mandamus, Petitioner acknowledges that Respondent Board made the decision to remove Petitioner from the Board based on a letter from Angela Corcoran, the "Acting Director of the Operations Division of the U.S. Department of Housing and Urban Development, San Francisco Regional Office", advising that specific action. Petitioner writes, "acting apparently on the erroneous statements in Ms. Corcoran's [a HUD employee's] letter…a member of the Board moved to remove me from the Board…." Petitioner's concession regarding the significance of HUD's directive belies Petitioner's argument (as articulated in Petitioner's Motion to Remand) that this dispute is merely a "question of interpretation of the [Cooperative's] by-laws and application of the California Corporations Code."

Accordingly, this Court finds that Respondent Board properly removed this action to federal court. Removal was appropriate because resolution of Petitioner's claim inherently turns on federal questions and implicates significant federal issues, including but not limited to: (1) HUD's authority to and the propriety of its determination that Petitioner was delinquent in carrying charges (computed pursuant to HUD guidelines); (2) HUD's authority to invoke the mandatory Cooperative Bylaw provision requiring a delinquent Director's automatic removal from Respondent Board; (3) HUD's authority to direct Respondent Board to act pursuant to the Cooperative's by-laws; and (4) Respondent Board's duty to adhere to HUD's directives.

## CONCLUSION

Therefore, after full consideration of the moving and responding papers, the Court finds that this action arises under and/or requires interpretation of federal law. Petitioner's Motion to Remand is therefore DENIED.

DATED:

                                        Hon. Saundra B. Armstrong
                                      Judge of the United States District Court

[PROPOSED] ORDER DENYING PETITIONER HO RIM KAM'S MOTION TO REMAND
CASE NO. C 07 4414 (SBA)