ROBERT BORTON (SBN 53191)
robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>        Petitioner,<br><br>v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>        Respondent. | Case No.: C 07 4414 (SBA)<br><br>**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**<br><br>The Honorable Saundra B. Armstrong<br>Date: October 16, 2007<br>Time: 1:00 p.m.<br>Court: Courtroom 3, 3rd Floor |

TABLE OF CONTENTS

I. INTRODUCTION. ............................................................................................................ 1

II. STATEMENT OF FACTS. ............................................................................................. 2

III. LEGAL ARGUMENT. ................................................................................................... 3

    A. The Standard For a Motion to Dismiss Under FRCP 12(b)(6). ........................... 3

    B. The Mandamus Standard Under California Law. ............................................... 4

    C. Petitioner Has Properly Alleged a Clear and Present "Duty" to Act, i.e. The Obligation to Admit Kam to the Right and Office From Which He is Being Precluded. ......................................................... 5

    D. Petitioner Has Properly Alleged a "Clear, Present and Beneficial Right" in Being Admitted to His Office as Director. ........................................ 7

    E. Petitioner Has Further Alleged A Clear, Present and Beneficial Right in the Relief Requested Because His Seat on the Board of Directors was Never Properly Declared Vacant Pursuant to California Corporations Code §7221(b). ................................................. 8

    F. Petitioner Has Alleged That He Was Never Properly Removed as Treasurer in Accord with the Bylaws. ............................................................ 9

    G. Petitioner Does Not Have an Adequate Remedy at Law Available .................. 9

    H. Public Policy Considerations are Inappropriate for a Motion to Dismiss ........ 10

IV. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d 696 ............................................. 3

*Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F3d 336 ..................................................... 3

*Cauchi v. Brown* (ED CA 1999) 51 F.Supp.2d 1014 ................................................................ 3

*Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997 ......................................................... 3

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ............................................................................ 1

*Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F3d 295 ......................................... 3

*Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096 ............................. 3

*Hydrick v. Hunter* (9th Cir. 2006) 466 F3d 676 ........................................................................ 3

*Scheuer v. Rhodes* (1974) 416 US 232, 236, 94 S.Ct. 1683 .................................................... 3

*United States v. Redwood City* (9th Cir. 1981) 640 F2d 963 ................................................. 3

*United States v. White* (CD CA 1995) 893 F.Supp. 1423 ....................................................... 3

*Vector Research Inc. v. Howard & Howard Attorneys P.C.* (6th Cir. 1996) 76 F3d 692 ...... 3

**State Cases**

*Ertman v. Municipal Court*, 68 Cal.App.2d 143 (1945) ........................................................... 4

*Gaenslen v. Bd. of Dirs. of St. Mary's Hosp.*, 185 Cal.App.3d 563 (1985) ............................ 7

*Gonsalves v. Associacao Protectora*, 70 Cal.App.2d 252 (1945) .......................................... 7

*Lotus Car Ltd. v. Municipal Court*, 263 Cal.App.2d 264 (1968) ............................................ 7

*Peterson v. Dept. of Ecology*, 92 Wn.2d 306, 311 (1979) ....................................................... 1

**State Statutes**

California Code of Civil Procedure Section 1085(a) ............................................................ 4, 5

California Code of Civil Procedure Section 1086 .................................................................... 4

California Corporations Code Section 7141(a) ......................................................................... 5

California Corporations Code §7221(b) ................................................................................. 8, 9

California Corporations Code Section 7222 ............................................................................. 5

**Federal Rules**

FRCP 12(b)(6) ........................................................................................................................... 1, 3

**Other Authorities**

8 Witkin, California Procedure, Extraordinary Writs, Section 72 (4th Ed. 1997) ............... 4

Schwarzer, et al, California Practice Guide, Federal Civil Procedure Before Trial, Section 9:187 ................................................................................................................. 3, 6

## I. INTRODUCTION.

This mandamus action was brought under California law, and then improperly removed to this Court on the groundless assertion that a "federal question" arose when Respondent, the Board of Directors of a California non-profit mutual benefit corporation, illegally excluded one of its members from voting on a hotly contested issue. Respondent's action was taken pursuant to its By-Laws and is thus governed by the California Corporations Code. No federal law was or is involved. The Motion to Dismiss makes this painfully clear when it cites not a single substantive federal case. Indeed, the only federal case mentioned in the moving papers simply repeats the rule of decision for a motion to dismiss in federal court – that a motion to dismiss may be granted *only* if "no set of facts" could be proven to support the relief claimed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Respondent then proceeds to ignore that rule.

Obviously, a motion to dismiss under FRCP 12(b)(6) cannot be granted where the Petitioner has pleaded a valid cause of action, and where the motion merely attempts to argue the factual merits of the underlying claim. Yet that is what Respondent does here – ignoring or mischaracterizing the well-pleaded allegations of the Mandamus Petition, citing evidence that is inadmissible, and asking the Court essentially to rule on the merits of the Petition.

Respondent's brief reveals numerous issues of material fact which may only be determined by a trier of fact, and in this case that trier of fact should be the California Superior Court. Oddly, Respondent cites to a case from the Washington Supreme Court for the proposition that "Superior Court rules apply," but even that case – which reversed on appeal the issuance of a writ of mandate – properly observed that "[a]n application for a writ of mandamus has all the elements of a civil action. . . . If issues of fact are raised, they may be tried before the court or a jury . . . ." *Peterson v. Dept. of Ecology*, 92 Wn.2d 306, 311 (1979)(citations omitted). This Motion to Dismiss – which should be heard only *after* the jurisdictional issue is resolved on Petitioner's earlier Motion to Remand – must be denied, if it is to be heard at all.

1

## II. STATEMENT OF FACTS.

Mr. Kam's Verified Petition For Issuance of Peremptory Writ of Mandamus, filed in the San Francisco Superior Court, sets forth a clear and simple series of factual assertions that make out his claim for relief:

1. Petitioner Kam was properly elected by the King-Garvey shareholders to the position of director and member of the Respondent Board in 2005. (Petition, ¶6).

2. Petitioner carried out his duties unimpeded until approximately March 2007, when certain members of the Board attempted to vote to "remove" Mr. Kam as a director. That vote was illegal and in violation of the Respondent Board's By-Laws. Further, it was carried out in order to disable Mr. Kam from voting on a critical and hotly contested issue. (Pet. at 7-8).

3. Other members of Respondent Board have continued to preclude Mr. Kam from the enjoyment of his position as a member of the Board. The basis for the illegal attempt at "removal" was the contention that Mr. Kam had become "more than thirty (30) days delinquent" in his rent (described in the By-Laws as "carrying charges"). (Pet. at 9-10).

4. Mr. Kam was never shown as delinquent in Respondent's rent records, and has always paid his carrying charges in full, each month, and long before any thirty day period had elapsed [and that includes the contested sums claimed to be due that are at issue here]. (Pet. at 9).

5. Mr. Kam continues to be threatened with improper exclusion from the Board. (Pet. at 10-11).

6. He has no plain, speedy or adequate remedy for these injuries other than his Petition for Mandamus relief. (Pet. at 12).

Under California's mandamus law, these allegations make out a clear and simple claim for relief. Respondent's Motion is really not a Motion to Dismiss at all. It begins with a "Statement of Facts" that runs to almost ten pages, and then devolves into an

2

extended factual argument that must be addressed, if at all, to the jury or other trier of fact that determines the merits of this Mandamus Petition.

### III. LEGAL ARGUMENT.

#### A. The Standard For a Motion to Dismiss Under FRCP 12(b)(6).

Judge Schwarzer and his co-authors have described the federal court approach to a Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim as follows:

> "A Rule 12(b)(6) motion is similar to the common law general demurrer, i.e. it tests the *legal sufficiency* of the claim or claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy . . . . [citing *Conley* and other authorities omitted here].
>
> "Thus, a Rule 12(b)(6) dismissal is proper only where there is *either* a "lack of a cognizable legal theory" *or* "absence of sufficient facts alleged under a cognizable legal theory." [*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F3d 295, 297 – "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101 (citing text); *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000 (citing text)].
>
> "In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief (see ¶9:213 ff.). [*Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F3d 336, 337-338; *Vector Research Inc. v. Howard & Howard Attorneys P.C.* (6th Cir. 1996) 76 F3d 692, 697]
>
> "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." [*Scheuer v. Rhodes* (1974) 416 US 232, 236, 94 S.Ct. 1683, 1686; *Hydrick v. Hunter* (9th Cir. 2006) 466 F3d 676, 686]."

Schwarzer, et al., California Practice Guide, Federal Civil Procedure Before Trial, Section 9:187.

The same authors make the following observation about the treatment of a 12(b)(6) motion in the Ninth Circuit:

> "A 12(b)(6) dismissal is proper only in "extraordinary" cases. [*United States v. Redwood City* (9th Cir. 1981) 640 F2d 963, 966; *Cauchi v. Brown* (ED CA 1999) 51 F.Supp.2d 1014, 1016 (citing test); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (quoting text)]."

*Id.* at Section 9:210.

3

### B. The Mandamus Standard Under California Law.

The California law governing this action is found in California Code of Civil Procedure Section 1085(a). That statutes provides:

> "A Writ of Mandate may be issued by any court ***to any*** inferior tribunal, ***corporation, board, or person***, to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station, or ***to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such*** inferior tribunal, ***corporation, board, or person***."
> [Emphasis added].

As Respondent correctly points out, citing a superseded version of the current Witkin treatise:

> "The statute speaks of compelling the respondent to perform a "duty," or compelling the admission of the petitioner to "a right or office," on petition of "the party beneficially interested." (C.C.P. 1085, 1086.) The terms are suggestive of the basic dual requirements for mandamus: (1) a clear, present (and usually ministerial) duty on the part of the respondent; (2) a clear, present, and beneficial right in the petitioner to the performance of that duty. . . . [lengthy citations omitted].

8 Witkin, California Procedure, Extraordinary Writs, Section 72 (4th Ed. 1997). Thus the "duty" in the present case is the Board's obligation to allow a duly elected Board member to participate in the Board's work if it is alleged that he has been "unlawfully precluded." This is exactly what Petitioner has alleged here.

Further, Respondent is in error when it seeks to argue that this issue is almost purely a matter of discretion on the part of a Board [Respondent's brief asserts (at page 13): "A Writ of Mandate is a writ of discretion and not of right," citing *Ertman v. Municipal Court*, 68 Cal.App.2d 143 (1945)]. The correct standard is accurately described by Witkin as follows:

> "On the other hand, where a sufficient showing of duty and substantial rights is made, and no other adequate remedy is available, the 'discretion' to deny it practically disappears. The petitioner is then entitled to the writ 'as a matter of right.' [citations omitted.]" 8 Witkin, California Procedure, Extraordinary Writs, Section 72 (4th Ed. 1997).

4

PETITIONER'S MPA IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS; CASE NO. C07-4414 SBA

### C. Petitioner Has Properly Alleged a Clear and Present "Duty" to Act, i.e. The Obligation to Admit Kam to the Right and Office From Which He is Being Precluded.

As Petitioner has shown in his Application for Peremptory Writ of Mandamus, a California Corporate Board of Directors has a clear and present duty to follow its By-Laws and remove directors only in the manner specified by California Corporations Code Section 7222 (Memorandum of Points and Authorities in Support of Verified Petition and Application, Section I, page 8). Mr. Kam's Petition alleges that the attempt to "remove" him violates both the By-Laws and California law. Thus, when the Board refuses to allow Mr. Kam to participate as a director, the Board is acting in direct violation of Article 5, Section 5 of the King-Garvey By-Laws. Further, were the Board to meet having excluded Mr. Kam, all acts resulting from such a meeting would be unauthorized and invalid. See California Corporations Code Section 7141(a) (authorizing a member to bring an action against a corporation to enjoin the doing or continuation of unauthorized activities by the corporation or its officers or directors).

Under the governing law of California Code of Civil Procedure 1085(a), the clear and present duty in the circumstances presented here is the obligation to admit the director to the "use and enjoyment" of his right or office, to which he became entitled by a duly conducted election of the shareholders and from which his exclusion would be "unlawful." Petitioner has properly alleged each element of this claim in his Verified Petition at paragraphs 6-12.

For its part, Respondent fails to address the pleading issues *at all*. Instead Respondent persists in arguing the underlying merits of the Mandamus Petition. Thus, it argues that Petitioner "owed past due carrying charges" and "was delinquent" (Motion at 19) when Mr. Kam's pleading alleges exactly the opposite. See Verified Petition at 9. Documents submitted by Mr. Kam with his Petition clearly set forth numerous factual allegations in support of his pleaded claim. Respondent goes on erroneously to contend that "the heart of Petitioner's claim" is an assertion that *HUD*'s actions are the focus of his claim. This is untrue. The well-pleaded allegations that Mr. Kam *does make,* address the

5

improper actions of the *Board of Directors* in excluding him from participation, not some opinion or conclusion that may have been reached by HUD, however erroneous that might have been.

Even if HUD's determination was at issue in this case, moreover, the question of whether Mr. Kam was or was not thirty days delinquent is an issue of fact. Mr. Kam has pleaded facts showing that he was *not* delinquent, and that the Board's actions were illegal. Every one of these allegations must be construed liberally and in his favor. See *Cahill v. Liberty Mut. Ins. Co.*, *supra*, at 337-338; Schwarzer, et al. California Practice Guide, Federal Civil Procedure Before Trial, Section 9:187.

Respondent's purely factual arguments that Mr. Kam failed "to pay ANY amount due despite various extensions of time," that he "owed past due carrying charges," that "HUD . . . demanded that the Board put the project in compliance," (See Motion at page 19) and other over-heated rhetoric have no place in a 12(b)(6) motion. Respondent has not answered the Petition, no evidence has been taken, no discovery issued, no trial has been held and no factual disputes can be resolved at this stage.

Respondent goes on in this portion of its argument to attempt to offer evidence of a HUD "Regulatory Agreement," alleging various facts such as the contention that HUD "takes the risk" under such an agreement, and therefore supposedly has rights to exercise some degree of control over a corporation's affairs. (Motion to Dismiss at page 20). Yet none of this is pleaded or put at issue by Mr. Kam's Petition, which is the only proper focus of a motion to dismiss. The so-called Regulatory Agreement is not included as an exhibit in any part of the materials submitted by Petitioner. It is simply not "in evidence" in any sense of the word, and Respondent of course cannot offer its own evidence on a motion to dismiss. Such extended argument about HUD's "powers," its authority to "regulate the ultimate fiscal operation" of a project and other such arguments are – again, and at most – factual defenses. They cannot be considered here.

### D. Petitioner Has Properly Alleged a "Clear, Present and Beneficial Right" in Being Admitted to His Office as Director.

Respondent argues that Petitioner must "prove every fact" that supports his right to the relief that he requests. It makes this argument in its Section 1, beginning on page 13 of the Motion to Dismiss, and then goes on in the next four pages to argue as if it had submitted evidence and was making a final plea to the jury. Yet even the cases cited by Respondent here show how far off the mark these arguments are. *Lotus Car Ltd. v. Municipal Court*, 263 Cal.App.2d 264 (1968) is not a motion to dismiss case, but an appeal from a trial on the merits. Respondent in that case had filed its Answer to the Petition and the Court ruled, after full oral argument, on the evidence submitted. The case of *Gaenslen v. Bd. of Dirs. of St. Mary's Hosp.*, 185 Cal.App.3d 563 (1985) is also an appeal from a judgment on the merits. It does not even discuss the proposition for which it is cited, and obviously has no bearing on a 12(b)(6) motion to dismiss. Similarly *Gonsalves v. Associacao Protectora*, 70 Cal.App.2d 252 (1945) [incorrectly cited, we believe, as 70 Cal.App. 2d 150] is an appeal from a judgment on the merits. It does not address the standards for a Motion to Dismiss.

As shown above, Mr. Kam has pleaded facts showing that he was *never* delinquent, nor in arrears on his carrying charges. He has further pleaded that when he eventually was told that a further charge would be made, he promptly paid it – though under protest. Accordingly, his Petition alleges that no thirty-day period passed, he was never "delinquent," and his purported ouster from the Board was illegal. The Court simply cannot decide issues of alleged delinquency or arrearage without examining the facts underlying these claims. Indeed, Respondent itself admits that Mr. Kam was given additional time to negotiate, to investigate, and to pay the amounts ultimately requested. See Respondent's Motion at 15. The final demand for payment was not made until just a few days before the actual payment itself. The obligation never became delinquent, no delinquency was ever "posted" to Mr. Kam's account, and the rent rolls reflect no delinquency in carrying charges on his account. Respondent may wish to contest these factual allegations, but it cannot do

so on this Motion, where they are accepted as true, and where every inference must be drawn in Petitioner's favor.

### E. Petitioner Has Further Alleged A Clear, Present and Beneficial Right in the Relief Requested Because His Seat on the Board of Directors was Never Properly Declared Vacant Under California Corporations Code §7221(b).

Petitioner's seat on the Board was not properly declared vacant because 1) the Board never moved and voted to "declare vacant" Mr. Kam's seat and 2) one of the three Directors that voted to remove Mr. Kam did not "meet all of the required qualifications to be a director" at the time of the vote.

California Corporations Code §7221(b) states,

> "The Board, by a majority vote of the directors who meet all of the required qualifications to be a director, may declare vacant the office of any director who fails or ceases to meet any required qualification that was in effect at the beginning of that director's current term of office."

The qualification that Petitioner focuses on is that: "No member shall be eligible to . . . be elected to the Board of Directors who is shown on the books or management accounts of the Corporation to be more than thirty (30) days delinquent in payments due the Corporation under his Occupancy Agreement.

§7221(b) has three requirements: 1) All directors in the majority must meet the required qualifications to be a director for their vote to count; 2) the Board must declare vacant an office of a director; 3) and the director of the office in question must fail to meet the required qualifications of directors as established at the time the director was initially elected. None of these three requirements were met in this case.

The three directors that voted to remove Mr. Kam in the executive session that occurred on March 13, 2007 were Abe Landry, Linda Yoakum, and Carmen Johnson. As established by the King-Garvey rent rolls, one of these three directors had been carrying a delinquency for over six months, far more than the thirty days provided in the Bylaws. See Kam's Memorandum in Support of Verified Petition, page 12.

As alleged in Petitioner's Application, the March 13 vote was on a motion made "to remove" Mr. Kam. Never did the Board move or vote to "declare vacant the office of any

8

director."

Finally, as discussed in detail above, Mr. Kam has properly alleged that he never failed to meet the required qualifications. Never was Mr. Kam "shown on the books or management accounts of the Corporation to be more than thirty (30) days delinquent in payments due the Corporation under his Occupancy Agreement." As of March 13, 2007, King-Garvey's records show Mr. Kam as owing no money to King-Garvey.

Because California Corporations Code §7221(b) is inapplicable in this instance, Respondent's Motion to Dismiss should be denied.

### F. Petitioner Was Never Properly Removed as Treasurer in Accord with the Bylaws.

King-Garvey's Bylaws provide for a method by which the Board can remove an officer from his or her position. Mr. Kam was never removed as the King-Garvey Treasurer because there was never a proper vote of the Board of Directors.

The March 13, 2007 vote was ineffective because the Board improperly excluded Mr. Kam from having his vote recorded. Had Mr. Kam's vote been recorded, the vote to remove Mr. Kam as Treasurer would have been 3-3. The Board's illegal and improper conduct in refusing to count the vote of one director renders the Board's vote null and void.

Accordingly, all of these are questions of fact which cannot be resolved on a motion to dismiss. Mr. Kam has properly pleaded the elements of his claim and the Motion to Dismiss must be denied.

### G. Petitioner Does Not Have an Adequate Remedy at Law Available

Petitioner requests relief that is only available through a writ of mandamus. As discussed above, Mr. Kam seeks a writ that determines that he continues to be a Director and Treasurer of the Board. Such relief is not available through any other legal avenue.

Respondent attempts to mischaracterize Petitioner's claim as a dispute regarding the "over-charging" of back rent. The amount of the charge – which Kam *has paid* – is not the issue here. The "heart" of Petitioner's claim is that he was duly elected by the shareholders of King-Garvey, and due to the blatant disregard of King-Garvey's Bylaws, the Board has

unlawfully precluded him from enjoying his office and fulfilling his obligation to the shareholders. The only remedy under California law for such a preclusion is a writ of mandamus.

### H. Public Policy Considerations are Inappropriate for a Motion to Dismiss

Petitioner, of course, denies that he has "unclean hands." But this is yet one more attempt to litigate the underlying merits of this defensive *issue of fact*. It is entirely out of place in a 12(b)(6) motion to dismiss. Factual allegations made by Respondent may extend beyond those alleged in Petitioner's Application for the Writ, but it is only the facts pleaded in the Petition itself that are at issue here. And – like all the other issues of fact raised throughout Respondent's Motion to Dismiss – these matters must be brought to proof at a trial on the merits, if they are to be heard at all.

## IV. CONCLUSION

For all of the foregoing reasons, Petitioner respectfully requests that Respondent's 12(b)(6) Motion to Dismiss be denied. Should the Court be inclined to grant any portion of this motion, however, Petitioner respectfully requests leave to amend his Petition.

DATED: September 25, 2007

Respectfully submitted,
HELLER EHRMAN LLP

By _____
   DANIEL KAUFMAN (SBN 246041)
Attorneys for Plaintiff