ROBERT BORTON (SBN 53191)
Email: robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
Email: daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>                       Petitioner,<br><br>v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>                       Respondent. | Case No.: C 07 4414 (SBA)<br><br>**[PROPOSED] ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br>**(FRCP 12 (b)(6))**<br><br>The Honorable Saundra B. Armstrong<br>Date:    October 16, 2007<br>Time:    1:00 p.m.<br>Court:   Courtroom 3, 3rd Floor |

The motion of Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors ("Board") for an Order dismissing this case pursuant to Federal Rule of Civil Procedure 12(b)(6) came on for hearing before this Court with Heller Ehrman LLP appearing as attorney for Petitioner and Kaufman, Dolowich & Voluck LLP appearing for Respondent.

## BACKGROUND

The Petition in this action alleges the following facts which are taken as true for the purposes of a Motion to Dismiss:

Petitioner Ho Rim Kam is a resident and shareholder of the Martin Luther King, Jr-Marcus Garvey Square Cooperative. Mr. Kam was properly elected by the King-Garvey

shareholders to the position of director of the Respondent Board in 2005. Petitioner carried out his duties unimpeded until approximately March 2007, when certain members of the Board attempted to vote to "remove" Mr. Kam as a director. Members of Respondent Board have continued to exclude Mr. Kam from Board proceedings. The basis for the attempted "removal" and continued exclusion was the contention that Mr. Kam had become "more than thirty (30) days delinquent" in his rent (described in the By-Laws as "carrying charges"). Mr. Kam was never shown as delinquent in Respondent's rent records.

Petitioner filed a Verified Petition for Issuance of Peremptory Writ of Mandamus in the California Superior Court, in and for the County of San Francisco. The Petition was removed to this Court by Respondent's Notice of Removal filed on August 27, 2007, pursuant to 28 U.S.C. § 1331.

Respondent filed its Notice of Motion and Motion to Dismiss pursuant to FRCP 12(b)(6) on September 4, 2007. In its motion, Respondent argues that Petitioner's Motion fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

A Motion to Dismiss pursuant to FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the pleadings. Schwarzer et al., California Practice Guide, Federal Civil Procedure Before Trial, Section 9:187. A motion to dismiss may be granted only if "no set of facts" could be proven to support the relief claimed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1101 (D AZ 2003); *Coffin v. Safeway, Inc.*, 323 F.Supp.2d 997, 1000 (D AZ 2004).

"In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief." *Cahill v. Liberty Mut. Ins. Co.*, 80 F3d 336, 337-338 (9th Cir. 1996); *Vector Research Inc. v. Howard & Howard Attorneys P.C.*, 76 F3d 692, 697 (6th Cir.

1996).

## ANALYSIS

Petitioner's Petition is a claim for relief under the California mandamus statute, California Civil Procedure Section 1085(a), which states:

> "A Writ of Mandate may be issued by any court ***to any*** inferior tribunal, ***corporation, board, or person***, to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station, or ***to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such*** inferior tribunal, ***corporation, board, or person***." [Emphasis added].

The two requirements to state a claim for a writ of mandate are: 1) a clear, present (and usually ministerial) duty on the part of the respondent, and 2) a clear, present, and beneficial right in the petitioner to the performance of that duty. 8 Witkin, California Procedure, Extraordinary Writs, Section 72 (4th Ed. 1997). Petitioner's pleading sufficiently alleges both requirements.

Petitioner has properly alleged facts that, if taken as true – as they must be on this motion – make out a prima facie case that Respondent has a clear and present duty to act and that Petitioner has a clear, present and beneficial right in being admitted to his office as a Director and the Treasurer of the Board. Respondent's arguments address fact issues which cannot be resolved on a motion under FRCP 12(b)(6).

## CONCLUSION

Accordingly, after full consideration of the moving and responding papers, Respondent's Motion to Dismiss for failure to state a claim is denied.

DATED: _____

_____
SAUNDRA B. ARMSTRONG
JUDGE OF THE UNITED STATES
DISTRICT COURT