1  ROBERT BORTON (SBN 53191)
   robert.borton@hellerehrman.com
2  DANIEL KAUFMAN (SBN 246041)
   daniel.kaufman@hellerehrman.com
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, CA 94104-2878
   Telephone: (415) 772-6000
5  Facsimile: (415) 772-6268

6  Attorneys for Petitioner
   HO RIM KAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>             Petitioner,<br><br>   v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>             Respondent. | Case No.: C 07 4414 (SBA)<br><br>**PETITIONER'S REPLY TO OPPOSITION TO MOTION TO REMAND**<br><br>The Honorable Saundra B. Armstrong<br>Date:    October 16, 2007<br>Time:    1:00 p.m.<br>Court:   Courtroom 3, 3rd Floor |

# TABLE OF CONTENTS

I. INTRODUCTION. ..........................................................................................................1

II. LEGAL ARGUMENT. ...................................................................................................2

    A. Petitioner's Action Must Be Remanded Because HUD's Actions Are Immaterial To This Dispute. ..........................................................................2

        1. A HUD Employee's Letter To The Board Does Not Transmute the Board's Actions under State Law Into a Federal Question. ..............2

        2. HUD Does Not Have The Authority To Interpret And Enforce Respondent's By-Laws. ..............................................................3

    B. Petitioner's Action Must Be Remanded Because It Does Not Implicate a Substantial Federal Interest. ..........................................................4

    C. Petitioner's Action Must Be Remanded Because It Does Not Present an Issue Arising Under the National Housing Act. ..............................5

    D. Petitioner's Action Must Be Remanded Because It Is Not Inextricably Linked to a Federal Agency Decision. ...........................................5

    E. Petitioner Is Entitled to Attorney's Fees Because Removal Was Unreasonable. ..............................................................................................6

III. CONCLUSION ...............................................................................................................7

I.    **INTRODUCTION.**

Petitioner Ho Rim Kam filed his State Court Petition for a Peremptory Writ of Mandamus ("Petition" or "Application") alleging that Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors ("Board") violated its Bylaws by improperly removing and excluding Mr. Kam as a Director and the Treasurer of the Board. The action therefore arises under the California Code of Civil Procedure, Section 1085(a). Kam raised two issues in his Petition: (1) whether the Board's determination that he had become "delinquent" in his rent ("carrying charges") for more than thirty days—a simple fact issue, and not a "federal claim"—was unsupported and therefore flawed; and (2) whether the vote to remove him was properly conducted under the Bylaws and California's Corporations Code (a state law issue if there ever was one).

Respondent is a California non-profit corporation governed by California law. It may only remove directors and officers according to its Bylaws and the California Corporations Code. As such, the <u>only</u> legal issue raised in this case is whether the Board acted contrary to its adopted Bylaws and thereby violated California law in removing and excluding Petitioner from his position as Director and Treasurer of the Board.

Respondent seeks to sweep under the rug that the only critical issue here is whether the <u>Board</u> acted properly, not whether a HUD employee misunderstood the facts, or incorrectly interpreted the King-Garvey Bylaws. Whether the Board violated the removal procedures proscribed by its own Bylaws and thereby violated California law is in no way a "federal question." That issue is based entirely on state law and is largely a question of fact.

Respondent's opposition offers a rambling and confused argument that a "federal question" must be found here simply because Martin Luther King, Jr.-Marcus Garvey Square Cooperative ("King-Garvey" or "Cooperative") has a relationship with HUD. King-Garvey does have a relationship with HUD because it rents to recipients of Section 8 federal assistance and has a HUD insured mortgage. But Respondent cites no authority—and none exits—to support the far-fetched notion that every single aspect of the Cooperative's existence therefore becomes a "federal question." Such a finding would lead to an

1

extraordinarily slippery slope. Every issue affecting every tenant would then become an issue requiring federal adjudication. King-Garvey's relationship with HUD is not the issue in this proceeding.

Petitioner's mandamus action does not implicate a federal question. The action must be remanded to the proper forum, the San Francisco Superior Court.

## II. LEGAL ARGUMENT.

### A. Petitioner's Action Must Be Remanded Because HUD's Actions Are Immaterial To This Dispute.

#### 1. A HUD Employee's Letter To The Board Does Not Transmute the Board's Actions under State Law Into a Federal Question.

King-Garvey is a non-profit entity incorporated in California, and thus is responsible under State law for adhering to and enforcing its legally adopted Bylaws. Nothing in those Bylaws gives any other entity the power to interpret—or to enforce—those Bylaws. Respondent's argument that federal jurisdiction is proper because Petitioner's application purportedly involves a "directive" or a "determination" of a federal agency (Opposition Brief at 1) is a very large and very red herring.

To begin, the Court need look no further than the ostensible "directive" (Exh. D to the Declaration of Mr. Kam in Support of his Petition). That letter from the Acting Director of a Regional Operations Division of HUD to the Management Company employed by the Board, contains the following content: (1) an <u>observation</u> (not a "directive" and factually incorrect) that based on letters from King-Garvey, the Board—not HUD—had "indicated" that Mr. Kam was "past due" in his carrying charges; (2) a second <u>observation</u> by the author (not a "directive" and also factually incorrect) that a "balance due" by Mr. Kam had been "posted;" (3) a third observation or opinion that, <u>based upon the By-Laws</u>, Mr. Kam would not be "in good standing;" (6) a fourth observation asserting that <u>the Bylaws</u> would preclude Mr. Kam from serving on the Board; (7) and finally, the critical language that "the Board <u>should be advised</u> to take immediate action <u>to bring the Cooperative into compliance with its by-laws</u>" (in other words, to comply with state law – emphasis added).

There simply is no "federal determination" or "federal directive" here, and the rest of

Respondent's argument is essentially an effort to persuade the court to apply what amounts to a federal pre-emption approach that would bring to this Court every single dispute arising at the King-Garvey Cooperative. By way of example, suppose that the same HUD employee had been advised by the Management Company—erroneously—that a Coop resident's rent check had bounced; and had then made a similar observation to the Board that the Coop lease - which is on a HUD-approved form - would require that the person should be evicted. In Respondent's view this "directive" would transform any unlawful detainer case that followed into a federal question. This is not and cannot be the rule that controls federal jurisdiction.

## 2. HUD Does Not Have The Authority To Interpret And Enforce Respondent's By-Laws.

HUD does not "control operations" at King-Garvey as Respondent's grandiose argument asserts.[1] Respondent vastly overstates HUD's relationship with King-Garvey by suggesting that HUD can order the Board to act because the two parties entered into a "Regulatory Agreement". In fact, *Bloodsworth v. Oxford Village Townhouses, Inc.*, the case Respondent cites for the basis of federal jurisdiction, simply makes the broad generalization that "HUD normally enters into a Regulatory Agreement with the mortgagor which sets out conditions which the mortgagor must fulfill in order to maintain federal assistance throughout the life of the mortgage." 377 F.Supp. 709, 712 (N.D. Ga. 1974).

But Respondent cites no provision of any "Regulatory Agreement" that would confer

---

[1] It is here that the Brief reads like an argument for pre-emption: See Opposition Brief at page 3, line 18 asserting "HUD's pervasive control"; at page 9:26-27 asserting that "(HUD) controls operations at the Cooperative"; at 10:3 that the Respondent Board is "merely acting as a conduit for . . . (HUD)"; at 10:25 that Respondent's decision here is "dictated by federal law"; at 13:28 that "HUD's authority to manage and operate the Cooperative is an important issue of federal law"; at 14:7 that the Coop's "program . . . is so pervasively governed by federal law"; at 19:28 that "Federal laws . . . govern . . . the Coop's ByLaws"; and with maximum hyperbole at 15:17 that "all roads lead to HUD." <u>Not a single citation to any regulation is offered.</u>

This entire line of argument is indeed bizarre. If the Board were "merely acting as a conduit" for HUD, it would be incapable of acting independently or using any discretion. It would have no authority to serve its shareholders and this Court would be overseeing its every move.

3

on HUD the power to control a California non-profit Board's decisions about either the election or removal of a Board member. The "Regulatory Agreement" in this case is not in evidence here. It is not before the Court but is simply referred to, without detail, in other documents. And even Respondent does not try to suggest that the Regulatory Agreement could include some provision that ties receipt of mortgage funds to a federal right to interpret or enforce King-Garvey's California Bylaws. It is particularly telling that Respondent's several page litany of alleged connections between King-Garvey and HUD (for example, that HUD regulations call for housing units to be assigned by family size, Opposition at 4-6), nowhere provides that HUD holds some pervasive power to interpret or enforce the Coop's Bylaws. That lengthy recitation of connections (that do not apply) appears to be offered simply to obscure the fact that Respondent cites no specific federal statute, regulation, or authority on which its claim of HUD's ostensibly preemptive power could be based.

Because HUD's interpretation or opinion about King-Garvey's Bylaws, or about the Board's obligation to exclude a member, is irrelevant, federal jurisdiction is improper and this case should be remanded to state court.

**B.    Petitioner's Action Must Be Remanded Because It Does Not Implicate a Substantial Federal Interest.**

This case does not implicate a substantial federal interest because it is a simple issue of contract interpretation under state law. The issue on which Respondent seeks to hinge jurisdiction—whether HUD's interpretation of King-Garvey's Bylaws was erroneous and unfounded—is simply irrelevant to the underlying claim. The Board was either justified under state law in its removal of Mr. Kam, or it was not. Whether or not *HUD* was correct in its interpretation of the Bylaws, however, is immaterial, as HUD had no authority to regulate the Board's actions under state law. And indeed, HUD did not try to do so, but merely stated its observations (based upon a flawed understanding of the facts).

While the case of *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-314 (2005), may state the general standard for applying federal

jurisdiction over cases raising a federal issue, the case itself is entirely distinct from the facts presented here. In *Grable*, Plaintiff's quiet title claim hinged on whether or not the IRS had violated a <u>federal statute</u> by improperly giving Grable notice that his seized property was to be sold. *Id.* at 310-311. Grable could not quiet title without proving that the IRS violated that specific federal statute. Here, the legal issue in dispute is whether or not Respondent acted properly under its Bylaws and the California Corporations Code. Petitioner's claim requires no determination of the propriety of HUD's actions because the Board was obligated to abide by <u>state</u> law.

**C.     Petitioner's Action Must Be Remanded Because It Does Not Present an Issue Arising Under the National Housing Act.**

The case at bar is a mandamus action brought under the California Code of Civil Procedure, Section 1085(a), and presents an issue arising under the California Corporations Code. This case does not involve any issue arising under the "National Housing Act" Respondent cites not a single <u>specific</u> provision of that Act, which has hundreds of pages of regulations, that purports to govern how—under state law—a non-profit Board must elect or remove its members.

The cases Respondent cites to suggest that this case arises under the National Housing Act are inapplicable because both cases alleged a violation of <u>federal law</u> and neither are on point. *Keller v. Kate Maremount Foundation, et al.* and *Geneva Towers Tenants Org. v. Federal Mortgage Investors* are cases in which the court had to determine if there had been sufficient federal action to sustain a claim for a Fifth Amendment due process violation. 365 F. Supp. 798 (1972); 504 F.2d 483 (1974). Both are factually and legally distinct and neither stands for the proposition that any—and every—case that involves HUD thereby "arises under" the National Housing Act.

**D.     Petitioner's Action Must Be Remanded Because It Is Not Inextricably Linked to a Federal Agency Decision.**

King-Garvey's relationship with HUD is immaterial to the determination of this case and thus cannot serve as the basis for federal jurisdiction.

Petitioner's Application for Peremptory Writ of Mandate alleges that the Board

5

violated California law by attempting to remove and exclude Mr. Kam. As a California corporation, the Board had a legal obligation to follow its Bylaws and the California Corporations Code. If the Board violated California law, and violated Mr. Kam's rights as a Director, HUD would have no standing or power to "direct" the Board to act in violation of state law. Respondent cites no authority to the contrary as none exists for such a proposition.

### E. Petitioner Is Entitled to Attorney's Fees Because Removal Was Unreasonable.

The court should award Petitioner attorney's fees because the removal of this case to federal court was both unfounded and objectively unreasonable. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005), the Supreme Court held that Defendant's removal was "objectively reasonable" because it was based on law that was only later deemed unsound. The foundation of Respondent's removal is not analogous to *Martin* as it was based on irrelevant factual assertions and therefore unreasonable. Petitioner's Mandamus Petition clearly alleges that Respondent violated California law by attempting to remove and exclude Mr. Kam from the Board. Respondent removed the case to federal court on the false argument that HUD's "relationship" with King-Garvey requires the resolution of HUD's authority "to interpret the King-Garvey Bylaws," as if this would create a federal question. However, despite filing a twenty-three page opposition, not once does the Board offer any authority to establish that 1) HUD has the power to interpret and enforce Respondent's Bylaws, or 2) that HUD has any authority over the election or attempted ouster of a Board member. By removing this matter without support for its arguments, Respondent's removal was objectively unreasonable.

As the Supreme Court wrote in *Martin*: "The appropriate test for awarding fees under §1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . ." *Id.* at 140. Here, Petitioner filed an Application under §1085 et. seq., which provides for a hearing in ten court days. Respondent first sought and received a stipulated continuance of the hearing. The Board then waited until two days before the already postponed hearing on the merits to

6

remove this case to federal court. This case has now been pending for fifty-six days, a far cry from the ten days the California statute provides. Because Respondent has unreasonably prolonged the litigation, thereby imposing substantial costs on Petitioner and preventing Petitioner from speedy relief, attorney's fees should be awarded.

### III.  CONCLUSION

For all of the foregoing reasons, Petitioner respectfully requests that Petitioner's Motion to Remand be granted. Additionally, Petitioner requests that he be granted the costs and expenses incurred as a result of the removal.

DATED: October 2, 2007

Respectfully submitted,
HELLER EHRMAN LLP

By _____
DANIEL KAUFMAN (SBN 246041)
Attorneys for Plaintiff