1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAUFMAN DOLOWICH & VOLUCK LLP**
ELIZABETH WILLIAMS, ESQ., SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ., SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ., SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone:  (415) 402-0059
Facsimile:  (415) 402-0679
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS
GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM, | ) Case No.:    C07-4414 SBA |
| Petitioner, | ) **RESPONDENT'S REPLY TO** |
| | ) **PETITIONER'S OPPOSITION TO** |
| vs. | ) **RESPONDENT'S MOTION TO DISMISS** |
| | ) **FRCP 12(b)(6)** |
| MARTIN LUTHER KING, JR.–MARCUS | ) |
| GARVEY SQUARE COOPERATIVE | ) Date:        October 16, 2007 |
| BOARD OF DIRECTORS, | ) Time:        1:00 p.m. |
| | ) Courtroom: 3, 3rd Floor |
| Respondent. | ) Judge:  Hon. Saundra B. Armstrong |
| | ) |
| | ) |

0

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

I.    **INTRODUCTION**

Respondent's Motion to Dismiss does not require the Court to look beyond the facts as presented in Petitioner's own Application and moving papers.  In Petitioner's Application, he admits to conduct that triggered his automatic removal from the Board.  In his moving papers, he provides the Court with documents supporting that when the Board removed Petitioner, it acted in accord with its corporate by-laws and in compliance with an instruction from a federal agency.

Remarkably, Petitioner presents these facts while attempting to prove that he is now entitled to reinstatement.  These facts do not, however, support Petitioner's claim.  In belated recognition of this error, Petitioner's Opposition Brief now asks the Court to ignore half of the facts stated in the Petition.  In addition, Petitioner's Opposition Brief cites only general law which has absolutely no bearing on matters involving Section 8 Housing.

Petitioner simply cannot refute that the essence of his claim is that Respondent removed him from office pursuant to a unilateral directive issued by the U.S. Department of Housing and Urban Development (HUD).  Nor can Petitioner dispute that Respondent was required to follow HUD's directive in order to maintain needed federal funding for the Cooperative.

Thus, Petitioner's Application must be dismissed for failure to state claim upon which relief can be granted.

II.    **STATEMENT OF FACTS**

Petitioner's Opposition Brief ignores the following determinative facts presented in his Petition and moving papers[1]:

1.    Petitioner failed to disclose his ownership of valuable real estate when he applied for and received Section 8 Housing Assistance during the years 2001-2004.

2.    Petitioner's failure to accurately declare all of his assets caused him to be charged less

---

[1]  Petitioner's criticism that Respondent's Statement of Facts "runs to almost ten pages" (Opposition p. 2:27-28) and cites to "inadmissible evidence" (Opposition p. 1:17) is misplaced. In ruling on a Motion to Dismiss, applicable law actually requires that this Court consider and take as true all facts and evidence presented in the Petition - even where a plaintiff's choice to plead a vivid and detailed account chronicling the basis of the claim for relief (here, the events that led to his removal from Respondent Board) results in his "pleading himself out of Court." *Graehling v. Village of Lombard III.,* 58 F.3d 295 (7th Cir 1995).

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

rent than he would have owed if he had accurately declared all of assets;

3. Petitioner's failure to disclose his assets resulted in his being charged in 2006 and 2007 for rents he would have otherwise been required to pay for the years 2001-2004;

4. Petitioner did not immediately (as required by the Occupancy Agreement) or promptly (as required by the Bylaws) repay for his arrearage in carrying charges;

5. Petitioner's failure to pay his overdue carrying charges caused HUD to issue a unilateral directive that he be removed from the Board per Cooperative Bylaws;

6. To comply with HUD's directive the Board removed Petitioner from the Board; and

7. Petitioner now contends that HUD erroneously concluded that he was in arrears of carrying charges and acknowledges that Respondent Board was required to follow HUD's directive to remove him from the Board.

In ruling on the present motion, the Court is required to consider the Petition *in its entirety*. This includes all of the Declarations and exhibits incorporated therein. Although Petitioner may now regret that he acknowledged certain damaging facts in his Petition and provided documents which wholly refute his claim, he cannot now expect the Court to consider only that information he now deems favorable.

## III.    LEGAL ARGUMENT

### A.    Petitioner Misleads The Court By Citing Only A Portion Of The Applicable Standard For Ruling On A Rule 12(b)(6) Motion to Dismiss.

Petitioner inaccurately describes the legal standard for ruling on a motion to dismiss. To be clear, Respondent agrees that a Rule 12(b)(6) Motion is similar to the common law general demurrer, in that it tests the legal sufficiency of the claims stated in the Complaint, requires the court to accept the facts alleged in the complaint as true and in the light most favorable to Petitioner and is only properly granted when there is either a lack or absence of sufficient facts alleged under a cognizable legal theory. See: *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, (9th Cir 1990); *Graehling v. Village of Lombard III.*, 58 F.3d 295 (7th Cir 1995); *Hearn v. R.J.Reynolds Tabacco Co.*, 279 F.Supp.2d 1096 (D AZ 2003); *Coffin v. Safeway, Inc.*, 323 F.Supp.2d 997 (D AZ 2004); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir 1996); *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692 (6th Cir 1996); *Scheuer*

1   *v. Rhodes,* 416 U.S. 232 (1974); *Hydrick v. Hunter,* 466 F.3d 676 (9th Cir 2006), relied on by

2   Petitioner. However, contrary to Petitioner's characterization, the standard does not end there.

3   In ruling on a Rule 12(b)(6) motion to dismiss, the Court may also consider "documents

4   attached to the complaint and incorporated by reference." *Cauchi, supra,* 51 F.Supp.2d at 1016.

5   Although F.R.C.P. Rule 8 only requires a short and plain statement of facts in support of a claim

6   that one is entitled to relief, "material which is properly submitted *as part of the complaint* may

7   be considered on a motion to dismiss." *Hearn, supra,* 279 F.Supp.2d at 1102. Where, as here,

8   the Petition, Declarations and supporting Exhibits disclose that Petitioner does not state a claim

9   for relief, the Court may properly grant a motion to dismiss.

10   Regardless, in evaluating a Motion to Dismiss, a Court is not required to accept as true

11   "conclusory allegations" contained in a plaintiff's complaint. *Cauchi, supra,* 51 F.Supp.2d at

12   1017. For example, Petitioner's Opposition Brief cites *Balistreri, supra,* 901 F.2d at 696 in

13   which a plaintiff's Section 1983 claim against a police department for failure to protect her was

14   properly dismissed where the complaint did not plead the existence of a "special relationship" as

15   required to support of a due process claim. Petitioner's Opposition Brief also cites *Graehling,*

16   *supra,* 58 F.3d at 296, in which the Court properly dismissed plaintiff's Section 1983 and ADA

17   claims that he was forced to forced to resign on the ground that as a matter of law the ADA did

18   not apply to resignations tendered prior to its effective date. Finally, in *Hydrick, supra,* 466 F.3d

19   at 676, (also cited in Petitioner's Opposition), the Court upheld a partial dismissal where the

20   facts alleged in plaintiff's complaint revealed that the conduct complained of was not actionable

21   under the doctrine of qualified immunity.[2]

22   Contrary to Petitioner's current assertion, the facts alleged in a plaintiff's complaint may

---

24   [2] Additional case law cited in Petitioner's Opposition Brief further supports that a Court is not
25   required to accept as true "conclusory allegations" contained in plaintiff's complaint. See *Coffin,*
     *supra,* 323 F.Supp.2d at 1001, an action that was dismissed because plaintiff's employment
26   discrimination and sexual harassment claims "included sufficient allegations disclosing an
     absolute defense or bar to recovery;" and *Cahill, supra,* 80 F.3d at 336, in which a Court upheld
27   dismissal of a claim to recover a judgment under an umbrella excess insurance policy where the
28   policy attached to the complaint disclosed that there was no insurance coverage.

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

not be ignored just because a Rule 12(b)(6) motion is not designed to test the veracity of the

plaintiff's allegations, speculate as to a defendant's justification for his action, or resolve factual

disputes (*United States v. Redwood City,* 640 F2d 963 (9th Cir. 1981). Indeed, the factual

allegations contained in a complaint must be taken into account. The Court only refrains from

reviewing the merits of a plaintiff's allegations when the plaintiff has placed no evidence before

the court or facts "are not yet established either by affidavits, admissions or a trial record."

*Scheurer, supra,* at p. 1690. Accordingly, a motion to dismiss will be upheld where, as here,

"the pleadings establish facts compelling a decision one way." *Coffin, supra,* 323 F.Supp.2d at

1001. Indeed, "[this] is as good as if depositions or other .......evidence on summary judgment

establishe[d] the identical facts." *Coffin, supra,* at 1001.

      **B.**      **Petitioner Does Not Demonstrate That the Board Had A Clear and Present Duty to Act, i.e. An Obligation to Reinstate Kam to the Board of Directors.**

      Petitioner offers no facts to support his argument that Respondent has a clear and present

duty to reinstate him on the Board. To the contrary, the facts presented in Petitioner's

Declaration and exhibits disclose that Respondent Board *must comply with federal directives* to

maintain funding for the "Cooperative," a nonprofit housing corporation which HUD subsidizes

under the United States Housing Act of 1937, 42 USC §1437, *et. seq.,* Petitioner's moving

papers reflect that HUD issued a determination to Respondent Board that Petitioner be

automatically removed from the Cooperative's Board because he was delinquent on his rent

payments. Indeed, in his Declaration in support of his Application for Writ Petitioner

acknowledges that Respondent only made its decision to remove him from the Board after it

received HUD's determination advising that specific action.[3]  Thus, Petitioner's pleadings

*concede* the significance of HUD's directive and this concession, in turn, undermines his current

---

[3]  Petitioner writes, "acting apparently on the erroneous statements in Ms. Corcoran's [a HUD employee's] letter…a member of the Board moved to remove me from the Board…."

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

claim that Respondent had a duty to maintain his position on the Board.[4]

In addition, Petitioner fails to prove that Respondent Board acted illegally when it followed HUD's directive. Consideration of Petitioner's pleadings in their entirety present ample evidence that: (1) only HUD has the authority to declare Petitioner delinquent in carrying charges (computed pursuant to HUD guidelines); (2) Respondent Board's right to operate the affairs of the Cooperative is subordinate to HUD's authority to invoke the mandatory Cooperative Bylaw provision requiring a delinquent Director's automatic removal from Respondent Board; (3) HUD has the authority to direct Respondent Board to act pursuant to the Cooperative's Bylaws; and (4) Respondent Board has a duty to adhere to HUD's directives in order to maintain funding so that it can continue to provide housing to the low income families the program is designed to benefit. Notably, despite Petitioner's claim that Respondent had a duty to maintain his position on the Board, his pleadings fail to articulate a mechanism by which Respondent Board could possibly reinstate him (the Bylaws are silent on this issue).

Petitioner cannot now revise the history of events chronicled in his own pleadings, just because he suddenly realized that presentation of these events underscores the significance of HUD's directive and contradicts his previous claim that this directive was "erroneous and unfounded." Nevertheless, Petitioner attempts to do just that when, in his Opposition Brief, he relies on only select portions of his Petition, invokes the wrong section of the Co-Operative's Bylaws, and actually ignores the facts and evidence presented in his Declaration and Exhibits. Petitioner filed the Declaration and Exhibits in support of his Petition which are accordingly, incorporated into the Petition by reference. Respondent is unaware of any legal basis which allows this Court to carve out of Petitioner's pleadings only those facts which Petitioner deemed probative at the time of filing, but which he now wishes to discard because they no longer support his claim. Petitioner provides no legal support for this obviously absurd proposition.

The fact that Respondent Board took the final action (a vote) in a sequence of events leading to Petitioner's removal does not change the fact that Respondent was, throughout the

---

[4] Petitioner also attempts to downplay the significance of HUD's decision because it contradicts his argument that this dispute is merely a "question of interpretation of the [Cooperative's] by-laws and application of the California Corporations Code."

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

time period in question, merely acting as a conduit for HUD. Because Petitioner's evidence reveals that it was HUD's directive that caused Respondent Board to remove him from office, Petitioner fails to support his claim that Respondent has a clear and present duty to reinstate him on the Board. Petitioner is not, therefore, entitled to the mandamus relief he currently requests.

**C.     Petitioner Has Not Properly Alleged a Clear and Present Beneficial Right to be Reinstated to the Board.**

Petitioner fails to prove that he has a clear, present and beneficial right to reinstatement. In fact, Petitioner's verified Petition, his supporting Declaration under penalty of perjury and the attached exhibits - which, in this case, are tantamount to the Court's receipt of evidence[5] – do not dispute that a Board member holds office "at the pleasure of the Board" and that "upon an affirmative vote of a majority of the members of the Board of Directors, any officer may be removed *with or without cause*." These facts, pulled directly from Petitioner's own Declaration, weaken Plaintiff's current claim that he was ever entitled to maintain his Board position.

Plaintiff's claim is further weakened by the fact that he provides no support whatsoever for his conclusory allegations that he was "never delinquent" and that HUD "erroneously" determined that he was in arrears of carrying charges. To the contrary, the Petition and supporting documents admit that: (1) Petitioner was required to abide by the terms of the HUD standard form Occupancy Agreement he entered into with the Cooperative[6]; (2) Pursuant to Article V, Section 5, of the HUD-approved Cooperative Bylaws, the term of any Director who becomes more than thirty (30) days delinquent in payment of his carrying charges shall be

---

[5] Accordingly, Petitioner misstates the law in his attempt to distinguish the cases Respondent relies upon on the ground that those cases involved situations where evidence was admitted.

[6] The terms of the HUD standard form Occupancy Agreement included his agreement to abide by HUD application and recertification requirements as well as Cooperative Bylaws.

---

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

automatically terminated; (3) Petitioner failed to disclose his ownership of real property as required to determine his eligibility for Section 8 Housing Assistance Payments and computation of carrying charges for the years 2001-2004, thereby violating HUD reporting and recertification requirements; (4) Petitioner's failure to report his ownership of property resulted in his being liable for arrearages for carrying charge that would have otherwise been due if he had reported his real estate holdings for the years 2001-2004; (5) On November 13, 2006, Petitioner was informed that he owed $9,052 in overdue rent for the years 2001-2004;[7] (6) Petitioner did not make any payments toward his overdue rent on December 1, 2006, by December 31, 2006 or prior to March 5, 2007 and was therefore, thirty days late on December 31, 2006.

Petitioner's Application and moving papers further acknowledge that under Article V, Section 5, of the ylaws, Petitioner's tenure as a Board Member ended on December 31, 2006, thirty (30) days after he failed to pay any portion of the back rent due on December 1, 2006. On March 5, 2007 HUD sent a letter to Respondent Board informing that Petitioner was in arrears of carrying charges due to his failure to report his ownership of property for the years 2001-2004, that Petitioner was delinquent and that said delinquency rendered him ineligible and automatically removed him from Respondent Board and mandates that the Cooperative comply with its Bylaws.[8]

---

[7] Although under the Occupancy Agreement overdue arrearages were due immediately, Petitioner was provided the option of paying the amount monthly over an 18 month period commencing on December 1, 2006 and he still made no effort to pay in violation of HUD regulations and the Occupancy Agreement.

[8] HUD did not declare Petitioner to be in "delinquency" and "automatically removed" from Respondent Board until Petitioner was almost 120 days overdue in assessed charges and Petitioner made not made any effort to repay any of the monies due.

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

Despite these facts, Petitioner now contends that HUD's statements were "erroneous and unfounded" (i.e. that HUD was "wrong") when it declared him delinquent. However, Petitioner paid the full amount demanded 114 days late even though the amount was never "posted" which he now uses as an excuse for his failure to pay timely. Clearly, Petitioner never required any "posting" to know he was required to repay monies wrongfully paid on his behalf due to his own failure to accurately report his assets. Finally, he never sought judicial, or any, review of HUD's determination and assessment even though he now indirectly argues that HUD "was wrong." The latter point forms the true basis of Petitioner's claim that he was wrongfully removed from the Board. Thus, Petitioner's request for reinstatement to the Board must be dismissed because he has not shown a clear and present right to the equitable relief requested.

### D.     Petitioner Was Properly Removed From Respondent Board Under California Corporations Code Section 7221(b).

Petitioner's Opposition does not deny that Petitioner failed to accurately report his real estate assets during the years 2001 through 2004. Petitioner does not deny that his failure to accurately disclose his assets resulted in his receiving Section 8 Housing Assistance Payments he was not entitled to receive. Petitioner does not deny that he owed back rent for the assistance payments made on his behalf during 2001-2004 - which was the difference between what he should have paid in carrying charges if his reporting had been accurate and that which he was charged for the years 2001-2004 which omitted his ownership of valuable real estate. Given these facts, Petitioner cannot deny that in September 2005, when he was elected to the Board of Directors, he was not actually eligible to serve pursuant to the Cooperative's Bylaws. HUD's and Respondent's lack of knowledge is of no consequence where they were kept in the dark by Petitioner's affirmative misrepresentations as evidenced by his failure to disclose his assets in application and recertification documents in violation of Article 34 of the Occupancy Agreement

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

and HUD's reporting requirements.  Title 24 Code of Federal Regulations, part 5.

Once it was discovered that because of Petitioner's arrearage, he was not in compliance with Article IV, Section 7 of the Co-Operative's Bylaws in 2005 (when he was first elected to the Board), the Board immediately had the authority to declare his office vacant, pursuant to California Corporations Code Section 7221(b), due to his admitted failure to "meet any required qualification that was in effect at the beginning of that director's current term of office."

Petitioner's Opposition relies on the unsupported claim that the Board's 3-2 vote to remove him is somehow different from declaring his seat "vacant."  Rather than proving to this Court that he was in fact *eligible to serve when he was first elected to the Board*, Petitioner argues, based on conclusory statements and hearsay, that he was voted out by another Board member who was also allegedly late in her rent and therefore, his removal was void.

Petitioner's own pleadings confirm that he was not eligible to serve when he was first elected to the Board in September, 2005 due to his concealed failure to report and resulting rent arrearages during the years 2001-2004.  Petitioner's own pleadings contradict his claim that "he never failed to meet required qualifications." Petitioner cannot create an issue of fact to be determined by the jury based on his own contrived contradictory pleadings.  Petitioner's seat on the Board was properly declared vacant in March, 2007 when he was voted out pursuant to Corporations Code Section 7221(b).

**E.    Petitioner Was Properly Removed As Board Treasurer.**

Article VI, Section 2 of the Bylaws provides that a member holds office "at the pleasure of the Board" and can be removed by a majority of the Board members.  Article VI, Section 3. Nevertheless, Petitioner argues that he was wrongfully removed as Treasurer because he was not allowed to vote on the issue of his own removal. It is not surprising that Petitioner provides no

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS

legal support for his ridiculous claim that precluding him from voting was somehow "illegal" or for the novel theory that he should have been allowed to vote on this issue of his own removal.

**F.    Petitioner's Has An Adequate Remedy at Law**

Petitioner's admission that he failed to report ownership of real property during the years 2001-2004 which resulted in his receipt of Section 8 Housing Assistance to which he was never entitled to receive, Petitioner is not entitled to equitable relief. At most, Petitioner can sue for alleged "overpaid" arrearages. Hence, Petitioner has an adequate remedy at law.

**G.    Petitioner's "unclean hands" precludes his claim for equitable relief**

Petitioner's Petition and supporting papers disclose that he comes to Court with unclean hands precluding his current claim for equitable relief. *Allen v. Los Angeles County District Council of Carpenters* 361 U.S. 936 (1960).

**IV.    CONCLUSION**

For all of the foregoing reasons, Respondent respectfully requests that Petitioner's Application for a Writ of Mandamus Reinstating him as Director and Treasurer of the Co-Operative's Board of Directors be dismissed for failure to state a cause of action upon which relief may be granted.

Respectfully submitted,

DATED: October 2, 2007           **KAUFMAN DOLOWICH & VOLUCK LLP**

Elizabeth Williams, Esq.
Katherine S. Catlos, Esq.
Attorneys for Respondent MARTIN LUTHER
KING, JR.-MARCUS GARVEY SQUARE
COOPERATIVE BOARD OF DIRECTORS

REPLY TO PETITIONER'S OPPOSITON TO MOTION TO DISMISS