**KAUFMAN DOLOWICH & VOLUCK LLP**
ELIZABETH WILLIAMS, ESQ., SBN 92374
ewilliams@kdvlaw.com
KATHERINE S. CATLOS, ESQ., SBN 184227
kcatlos@kdvlaw.com
URSULA D. TAMHANE, ESQ., SBN 240491
utamhane@kdvlaw.com
351 California Street, Suite 500
San Francisco, CA 94104
Telephone:  (415) 402-0059
Facsimile:  (415) 402-0679
Attorneys for Respondent MARTIN LUTHER KING, JR.-MARCUS
GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM, | Case No.: C 07 4414 (SBA) |
| Petitioner, | **REVISED [PROPOSED] ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FRCP 12(b)(6)** |
| vs. | |
| MARTIN LUTHER KING, JR.–MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, | Date        : October 16, 2007<br>Time        : 1:00 p.m.<br>Location  : Courtroom 3, 3rd Floor<br>Judge       : Hon. Saundra B. Armstrong |
| Respondent. | |

The motion of Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors for an Order dismissing Petitioner's Application for Peremptory Writ of Mandamus came on for hearing on October 16, 2007 before this Court with Heller Ehrman LLP appearing as attorney for Petitioner and Kaufman Dolowich & Voluck LLP appearing for Respondent.

**BACKGROUND**

Petitioner Ho Rim Kam filed a Verified Petition for Issuance of Peremptory Writ of Mandamus on August 6, 2007, in the California Superior Court in and for the County of San Francisco to reinstate him as Board as a Director and Treasurer of the Martin Luther King, Jr.-Marcus Garvey Square Cooperative ("Cooperative").  Respondent Board received a copy of this

Petition on August 8, 2007.

On August 27, 2007, Respondent filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b), arguing that resolution of this matter involved interpretation of federal law.  On August 31, 2007, Petitioner filed a Motion for Remand.

On September 4, 2007, Respondent filed a Motion to Dismiss pursuant to FRCP 12(b)(6) because Petitioner's Peremptory Writ failed to state a cause of action upon which relief could be granted.  Petitioner filed an Opposition to Respondent's Motion to Dismiss on September 25, 2007.  Respondent filed a Reply to Petitioner's Opposition to Respondent's Motion on October 3, 2007.

## LEGAL STANDARD

The Court must grant a motion to dismiss pursuant to FRCP 12(b)(6) if it appears beyond a doubt that Petitioner "can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A Rule 12(b)(6) Motion tests the legal sufficiency of the claims stated in the Complaint, requires the court to accept the facts alleged in the complaint as true and in the light most favorable to Petitioner and is only properly granted when there is either a lack or absence of sufficient facts alleged under a cognizable legal theory.  See:  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, (9th Cir 1990).  However, a Court is not required to accept as true "conclusory allegations" contained in a plaintiff's complaint. 51 F.Supp.2d 1014 (E.D. Cal 1999) at 1017.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may also consider "documents attached to the complaint and incorporated by reference."  *Cauchi v. Brown,* 51 F.Supp.2d 1014 (E.D. Cal 1999) at 1016.   "Material which is properly submitted as part of the complaint" may be considered on a motion to dismiss.  *Hearn v. R.J.Reynolds Tabacco Co.,* 279 F.Supp.2d 1096 (D AZ 2003) at 1102.

California's Code of Civil Procedure Section 1085(a) provides that a writ of mandamus may issue to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party has been unlawfully precluded by the respondent.  To prevail, Petitioner must establish he has a clear, present and beneficial right to

performance of respondent's duty. *Santa Clara County Counsel Attys. Assn. v. Woodside,* 7 Cal.4[th] 525, 539-540 (1994); *Santa Monica Mun. Employees Assn. v. City of Santa Monica,* 191 Cal.App.3d 1538, 1547 (1987). California Code of Civil Procedure Section 1086 also provides that the writ should issue in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law.

Thus, two requirements must be met before mandamus will issue: "(1) A clear, present (and usually ministerial) duty on the part of the respondent and (2) A clear, present and beneficial right in the petitioner, to the performance of that duty." 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 65, p. 702.

In addition, the writ must be necessary to enforce or protect a specific legal right that is clear, present, certain and substantial. *American Friends Service Committee v. Procunier*, 33 Cal.App.3d 252, 256 (1973). A writ will only be granted if necessary to protect a substantial right and it is shown that substantial damage will be suffered if the writ is denied. *Parker v. Bowron*, 40 Cal.2d 344, 351 (1953). A writ of mandate is a writ of discretion and not of right. *Ertman v. Municipal Court*, 68 Cal.App.2d 143 (1945).

## ANALYSIS

This Court finds that Petitioner's Application for Peremptory Writ of Mandamus fails to state a claim upon which relief may be granted.

Specifically, Petitioner's Application and supporting Declaration and Exhibits reveal that Petitioner's conduct triggered Petitioner's automatic removal from the Board. Petitioner's moving papers disclose that when Respondent Board removed Petitioner from the Board as a Director and from the office of Treasurer, it acted in accord with applicable Cooperative Bylaws and in required compliance with a directive from the United States Department of Housing and Urban Development; i.e. that Petitioner be automatically removed from the Cooperative's Board because he was delinquent in rent payments.

Petitioner's request to be reinstated to his position as a Director and Treasurer of Respondent Board must be dismissed because, on the face of the Petition, Petitioner does not demonstrate that Respondent had a clear and present duty to act. The facts presented in Petitioner's Declaration and Exhibits disclose that Respondent Board *must comply with federal directives* to maintain funding for the "Cooperative," a nonprofit housing corporation which HUD subsidizes under the United States Housing Act of 1937, 42 USC §1437, *et. seq.,* Petitioner's Declaration in support of his Application for Writ acknowledges that Respondent only made its decision to remove him from the Board after it received HUD's determination advising that specific action.

Moreover, Petitioner's Writ seeking reinstatement as a Director to Respondent Board fails because Petitioner has failed to make the requisite showing that he has a clear, present and beneficial right to reinstatement. Petitioner's supporting papers disclose that HUD directed Respondent Board to remove Petitioner as a Director because Petitioner's failure to disclose his ownership of real estate during the years 2001-2004 resulted in Petitioner receiving Section 8 Housing Assistance Payments he was not entitled to receive and to be charged less rent than what he otherwise would have owed. Petitioner's operative pleadings further disclose that once HUD discovered Petitioner's failure to disclose all of his assets during the relevant period, it was requested of Petitioner that he repay his carrying charge arrearage as required. Petitioner's moving papers disclose that Petitioner's failure to pay part of all of his overdue carrying charges by December 1, 2006 caused HUD to issue a unilateral directive to Respondent Board that Petitioner be removed from the Board per Cooperative Bylaws. Given the foregoing, this Court finds that Petitioner's Petition and supporting papers fail to show that Petitioner has a clear, present and beneficial right to reinstatement to Respondent Board because he was properly removed from the Board in the first instance.

Similarly, this Court finds that Petitioner's removal from the office of Treasurer of Respondent Board was proper. Exhibits attached to Petitioner's Declaration in Support of Petition reveal that Petitioner held his position as Treasurer "at the pleasure of the Board." This Court notes that Petitioner was voted from office by "an affirmative vote of a majority of the

– 4 –

members of the Board of Directors" and finds no basis to interfere with or set aside Respondent

Board action in this regard.

**ORDER**

After full consideration of the moving and responding papers, the Court GRANTS

Respondent's FRCP 12(b)(6) motion to dismiss Petitioner's Application and Motion for

Peremptory Writ of Mandamus because Petitioner has failed to state a claim upon which relief

can be granted.

DATED:

_____

Hon. Saundra B. Armstrong
Judge of the United States District Court

REVISED [PROPOSED] ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
CASE NO. C 07 4414 (SBA)