**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| HO RIM KAM, | No. C 07-4414 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 11, 13] |
| MARTIN LUTHER KING, JR.--MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS, | |
| Defendant. | |

Before the Court is plaintiff Ho Rim Kam's motion to remand [Docket No. 11] and defendant Martin Luther King, Jr.--Marcus Garvey Square Cooperative Board of Directors' (Board) motion to dismiss [Docket No. 13]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion to remand is GRANTED and the motion to dismiss is DENIED as moot.

## BACKGROUND

The Martin Luther King, Jr.--Marcus Garvey Square Cooperative Apartments is a California non-profit corporation governed by California law. In November 2001, plaintiff Kam and his wife Chong Park moved into the Cooperative. On September 13, 2005, Kam was elected to the board of directors and was elected as treasurer of the board.

According to the defendant, Kam failed to disclose that he owned real property in Illinois from 2001-2004, and the value of this asset was not taken into account in determining the plaintiff's eligibility for housing assistance the Department of Housing and Urban Development (HUD) and the computation of his monthly rent. On March 5, 2007, Angela Corcoran, Acting Director of the Operations Division of HUD, San Francisco Regional Office, sent a letter to the Board. The letter reads:

> As indicated in your November 2006 and February 2007 letters to the above shareholders, Chong Park and Horim Kam currently owe past due carrying charges of $9,052. The funds are owed as a result of an undisclosed home owned by Mr. Horim Kam during the period when the household was receiving Section 8 assistance at Martin

> Luther King/Marcus Garvey Square Cooperative Apartments.
> As stated in the Cooperative's By-laws, "No member shall be eligible to vote or to be elected to the Board of Directors who is shown on the books or management accounts of the Corporation to be more than thirty (30) days delinquent in payments due the Corporation under his Occupancy Agreement." Your recent letter indicates the above balance due has been posted. Further, Mr. Horim Kam currently holds the office of Treasurer on the Cooperative's Board of Directors but is not a member in good standing based on this delinquency.
> As also stated in the By-laws under Removal of Directors, "The term of any Director who becomes more than thirty (30) days delinquent in payment of his carrying charges shall be automatically terminated. . ."
> Based on the above, Mr. Horim Kam can no longer serve on the Board of Directors. The Board should be advised to take immediate action to bring the Cooperative into compliance with its by-laws. Within seven (7) days from the date of this letter, please provide a written response regarding the Board's action in this regard.

Docket No. 1, Ex. D.

On March 13, 2007, by a vote of three to two, the Board voted to remove Kam as a director and treasurer of the Board. Kam alleges this vote was improper and in violation of the California Corporations Code and the Board's by-laws.

On August 7, 2007, Kam filed an application for peremptory writ of mandamus with the Superior Court of California in San Francisco. *See* Docket No. 1, Ex. 1. The application asks for a court order "commanding Respondent, the Board, to admit Mr. Kam to the use and enjoyment of his office as Director and Treasure[r] of the Board, and to allow Mr. Kam to fully exercise all the rights and duties of a full-fledged Board member." *Id*. The application argues that "[t]here was never a shareholder vote to remove Mr. Kam from the Board, and the Kams were never delinquent for more than thirty days." *Id*. According to the plaintiffs, they paid the full $9,052 charge on March 7, 2007, within nine days of its posting.

Kam's application sought a writ of mandamus pursuant to California Code of Civil Procedure section 1085. This section provides:

> A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board or person.

CAL. CODE CIV. PRO. § 1085(a).

2

The application alleges that Kam was improperly removed from the Board in violation of the California Corporations Code. Section 7222 of the California Corporations Code declares that "Except as provided in this section and Sections 7221 and 7223, a director may not be removed prior to the expiration of the director's term of office." Under section 7221(b), a director may be removed "by a majority vote of the directors who meet all of the required qualifications to be a director" when that director "fails or ceases to meet any required qualification that was in effect at the beginning of the director's current term of office." The application contends that because Kam was never thirty-days delinquent in violation of the by-laws, he was still qualified to serve as a director.

The defendant then removed the application for a writ of mandamus to this Court, asserting that Kam's application "arises under" the United States Housing Act, also referred to as the National Housing Act. The Notice of Removal declares:

> This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Respondent pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the United States Housing Act of 1937, 42 USC §1437 *et seq*. and its implementing regulations . . . . Petitioner's claim is also one that technically implicates 5 U.S.C. §706 and arguably the Fifth Amendment right to due process contained in the United States Constitution.

Docket No. 1, ¶ 3.

The plaintiff contends removal was improper and now seeks to have this action remanded to the San Francisco Superior Court.

## LEGAL STANDARDS

**1.    Remand**

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005). A defendant or defendants may remove to federal court any action over which the federal court would have had original subject matter jurisdiction, *i.e.*, either on the basis of a federal question or the diverse citizenship of the parties. *See* 28 U.S.C. § 1441. An action removed to federal court on the basis of diversity of citizenship is removable only if none of the parties in interest

properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. §1441(b). Absent diversity of citizenship, federal question jurisdiction is required. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) (the federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"). The existence of a defense based on federal law, however, is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue. *Wayne*, 294 F.3d at 1183. The plaintiff is the "master of the claim," and may avoid federal jurisdiction by relying exclusively on state law. *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002). However, under the artful pleading doctrine, the plaintiff may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1389 (9th Cir. 1989).

If the defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims are so closely related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute. *See Abrego Abrego v. Dow*

4

1  *Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Any doubt as to the right of removal must be resolved in favor of remanding to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The propriety of removal is determined solely on the basis of pleadings filed in state court, *i.e.*, by looking "to the complaint at the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). A removed case may be remanded to state court based on a "defect" in the removal procedure or if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C §1447(c).

## ANALYSIS

### 1. Plaintiffs' Motion to Remand

The defendant fails to carry its burden establishing the existence of federal subject matter jurisdiction. There is no assertion that a federal question is presented on the face of the plaintiff's writ of mandamus. The application for mandamus does not assert any federal claim, rely upon any provision of federal law or a federal regulation, or assert a claim against a federal entity. Instead, the defendant argues that the plaintiff's application for mandamus to be reinstated to the Board of the Cooperative implicates a substantial federal interest.

The defendant contends that "Removal to federal court is appropriate in this matter because the Department of Housing and Urban Development (HUD) controls operations at the Cooperative and Respondent Board is required to comply with HUD directives in order to maintain funding so that it can continue to provide housing to the low income families the program is designed to benefit." Docket No. 20, at 9. The defendant claims that the March 5, 2007 letter from Angela Corcoran was a directive from a federal agency, HUD, with which it was obliged to comply.

The plaintiff counters that "[a]s a California corporation, the Board had a legal obligation to follow its Bylaws and the California Corporations Code. If the Board violated California law, and

violated Mr. Kam's rights as a Director, HUD would have no standing or power to 'direct' the Board to act in violation of state law. Respondent cites no authority to the contrary as none exists for such a proposition." Docket No. 24, at 6.

This is a fact-bound dispute that does not require the interpretation or application of federal law or regulation for resolution. No substantial federal interest is implicated. Kam is making two arguments that his removal from the Board was improper and in violation of the California Corporations Code. One, there was not a proper quorum of the Board to properly vote him off. Two, Kam contends that any purported delinquency was paid in less than thirty days and therefore he was never in violation of the by-law.

The Board's contention that Kam was removed from the Board based on a "directive" from HUD is not persuasive. HUD did not remove Kam from the Board. The removal of Kam from the Board was not based on the alleged violation of any federal law or regulation. The Corcoran letter does not purport to be a directive from HUD that based upon a federal law or regulation, Kam could not serve on the Board. The Corcoran letter is a series of premises, based upon information provided by the Board to Corcoran that Kam was delinquent, leading to the conclusion that under the by-laws of the Board Kam is not a member in good standing and cannot remain on the Board. Kam is arguing that the factual premise that he was delinquent is incorrect.

The defendant's declaration that HUD "controls operations at the Cooperative" is overstated. It is true that HUD controls certain aspects of the Cooperative. Article VII of the Cooperative's by-laws spells out the "Rights of [the] Federal Housing Administration":

> The management, operation and control of the affairs of the Corporation shall be subject to the rights, powers, and privileges of the Federal Housing Administration pursuant to a Regulatory Agreement between the Corporation and the Federal Housing Administration. The Corporation is bound by the provisions of the Regulatory Agreement which is a condition precedent to the insurance of a mortgage of the Corporation on the project.

Docket No. 1, Ex. N.

The Cooperative entered into a contract with HUD whereby HUD helped the Cooperative secured a mortgage for the housing project. In exchange, the Cooperative agreed allow HUD to exercise

6

control over certain aspects of the Cooperative's affairs. Examples of this control, as provided by the defendant, includes the following: "HUD sets income limits for co-op residents to ensure that the project serves those families of modest means it was designed for, and places restrictions on family size and composition, carrying charges, method of operation and sale of the project." Docket No. 1, Ex. C. In terminating Kam from the Board, however, the Board was not purporting to act pursuant to the Regulatory Agreement with HUD. Instead, it was acting according to powers ascribed to the Board by the by-laws of the Cooperative.

Article V lays forth the powers and duties of the Board of Directors. The provision states: "The Board of Directors shall have all the powers and duties necessary for the administration of the affairs of the Corporation and may do all such acts and things as are not by law or by these By-Laws directed to be exercised and done by the members. The powers of the Board of Directors shall include but not be limited:" to "(h) . . . enforc[ing] applicable provisions of the Covenants, Conditions and Restrictions, Articles, By-Laws and other instruments for the ownership, management and control of the project". Docket No. 1, Ex. N.

Article 5, Section 5 deals with removal of directors:

> At any regular or special meeting duly called, any Director may be removed with or without cause by a vote of the regular membership of record and a successor may then and there be elected to fill the vacancy thus created. Any Director whose removal has been proposed by the members shall be given an opportunity to be heard at the meeting. The term of any Director who becomes more than thirty (30) days delinquent in payment of his carry-ing charges shall be automatically terminated and the remaining Directors shall appoint his successor as provided in Section 4, above.
> Unless the entire Board of Directors is removed from office by the majority vote of members of the Corporation, no individual Director shall be removed prior to the expiration of his term of office if the votes cast against removal would be sufficient to elect the Director if voted cumulatively at an election at which the same total number of votes were cast and the entire number of Directors authorized at the time of the most recent election of the Director were then being elected.

Docket No. 1, Ex. N.

In terminating Kam, the Board was purporting to enforce the thirty-day delinquency provision of Article 5, Section 5. Whether the Board violated its by-laws or the California Corporations Code in removing Kam does not implicate a substantial federal interest. There is then, no subject matter

7

1 jurisdiction for this Court to hear this dispute. Remand is warranted.

2 In addition to remand, the plaintiff requests reimbursement of costs and fees associated incurred
3 as a result of removal. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment
4 of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."
5 Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an
6 objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141
7 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

8 At the time of removal, the defendant knew or should have known that the removal statue is
9 strictly construed and that a court must reject federal jurisdiction if there is any doubt as to whether
10 removal was proper. *See, e.g., Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006);
11 *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant purported to remove this action
12 based upon the National Housing Act, 42 U.S.C. § 1437, yet cited no provision in that statute that is
13 implicated in this matter. At the very least, an objectively reasonable attorney would have realized that
14 the propriety of removal was doubtful and the such doubt would result in a remand. Thus, there was
15 not an objectively reasonable basis for removal and reimbursement is warranted. Accordingly, if the
16 plaintiff wishes to pursue reimbursement, he is directed to file such a request within fourteen days of
17 the entry of this order, in accordance with the provisions of Civil Local Rule 54.

18

19 **2.    Defendant's Motion to Dismiss**

20 As remand to the Superior Court of California in San Francisco is required, the defendant's
21 motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) is moot.

22

23 **CONCLUSION**

24 Accordingly, plaintiff Ho Rim Kam's motion to remand [Docket No. 11] is GRANTED and
25 defendant Martin Luther King, Jr.--Marcus Garvey Square Cooperative Board of Directors' motion to
26 dismiss [Docket No. 13] is DENIED as moot. This matter is REMANDED to the Superior Court of
27
28

8

1  California in San Francisco.

2  The Clerk of Court shall terminate any pending matters and close the case file.

3  IT IS SO ORDERED.

4  October 12, 2007

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Saundra Brown Armstrong
　　　　　　　　　　　　　　　　　　　　　　United States District Judge