ROBERT BORTON (SBN 53191)
robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>                           Petitioner,<br><br>v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>                           Respondent. | Case No.: C 07 4414 (SBA)<br><br>**NOTICE OF MOTION AND MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES (28 U.S.C.§ 1447(C); NORTHERN DISTRICT LOCAL RULE 54)**<br><br>The Honorable Saundra B. Armstrong<br>Date:     January 15, 2008<br>Time:     1:00 p.m.<br>Court:    Courtroom 3, 3rd Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Petitioner Ho Rim Kam ("Mr. Kam") hereby moves the Court for an order reimbursing Petitioner's "actual expenses, including attorneys fees" as provided by 28 U.S.C. § 1447(b) and by this Court's Order of October 12, 2007.

This motion is filed pursuant to and as directed in that Order, and is based on this Notice of Motion and Motion; the Declaration of Robert Borton filed herewith; the pleadings, records, and files in this action; and such other and further evidence and arguments as the Court may properly consider.

**MOTION/MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to the Court's October 12 Order, and to Local Rule 54, Petitioner Kam seeks attorneys' fees incurred as a result of Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors' ("Board") improvident removal of this action to federal court. The District Court has determined that "there was not an objectively reasonable basis for removal and reimbursement is warranted" and has directed Petitioner to file this motion if he seeks reimbursement of fees and costs. Mr. Kam has attempted to resolve the issues presented here with opposing counsel (see accompanying Declaration of Robert Borton). Accordingly, Mr. Kam respectfully requests an Order reimbursing his attorneys' fees, as documented here and in the accompanying Declaration. As the out of pocket costs associated with the preparation and filing of these papers was minimal, this application seeks only an award of counsel's actual attorneys' fees.

**I.    Summary of the Underlying Dispute**

Petitioner Ho Rim Kam filed his State Court Petition for a Peremptory Writ of Mandamus ("Petition" or "Application") alleging that Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors ("Board") violated its Bylaws by improperly removing and excluding Mr. Kam as a Director and the Treasurer of the Board. The action therefore arose under the California Code of Civil Procedure, Section 1085(a). Kam raised two issues in his Petition: (1) whether the Board's determination that he had

1

become "delinquent" in his rent ("carrying charges") for more than thirty days—a simple fact issue, and not a "federal claim"—was unsupported and therefore flawed; and (2) whether the vote to remove him was properly conducted under the Bylaws and California's Corporations Code (a state law issue if there ever was one).

Respondent is a California non-profit corporation governed by California law. It may only remove directors and officers according to its Bylaws and the California Corporations Code. As such, the <u>only</u> legal issue raised in this case was whether the Board acted contrary to its adopted Bylaws and thereby violated California law in removing and excluding Petitioner from his position as Director and Treasurer of the Board.

As the court held, "The application for mandamus does not assert any federal claim, rely upon any provision of federal law or a federal regulation, or assert a claim against a federal entity." Order Granting Motion to Remand, 5. Moreover, the court found that "[n]o substantial federal interest is implicated." Id. at 6.

**II.    Respondent's Removal Was Objectively Unreasonable**

The court has held that, "At the very least, an objectively reasonable attorney would have realized that the propriety of removal was doubtful and the such doubt would result in a remand. Thus, there was not an objectively reasonable basis for removal and reimbursement is warranted." Id. at 8.

**III.   Attorneys' Fees and Costs Were Incurred as a Result of Respondent's Removal**

    **A.    Background.**

Respondent's removal of this case was done just three days before Mr. Kam's detailed Writ Petition was to be heard in the San Francisco Superior Court. This required Petitioner's attorneys to respond under highly pressured circumstances, and on a number of different fronts. The reason for this urgency was that Kam's Writ Petition presents issues of immediate and serious damage to Mr. Kam's right to participate as a Board member at the low income housing cooperative at which he is a resident, along with the risk that he would be barred from voting on specific matters of financial and personal significance to the residents of the co-op. (See the background to these various motions as explained in detail

2

in Mr. Kam's Motion to Remand, in the accompanying Motion to Shorten Time for the hearing on his Motion to Remand, in his Opposition to Respondent's Motion to Dismiss – made necessary by Respondent's refusal to postpone the hearing on that matter – and by Mr. Kam's related efforts to have this matter heard and determined on an expedited basis. To this day – some 60 days on - Mr. Kam still has been unable to have a hearing on his Writ Petition, which was first noticed and set to be heard on August 22, 2007.

As shown in Kam's papers on the underlying Motions, Respondent's counsel had first requested a brief continuance of Mr. Kam's original Writ Petition so that a "response" could be filed. When that matter was continued for hearing on August 30 in the San Francisco Superior Court, Respondent then filed for removal on August 27. The original Writ Petition had been scheduled for hearing on the statutory basis provided for in California Code of Civil Procedure Section 1085. This expedited process is available in recognition of the inherently urgent nature of petitions for Writ of Mandate, particularly those – as here – where important issues of corporate governance may be at stake.

Accordingly, when this matter was removed to this Court, Petitioner did everything he could to expedite the determination of this series of related issues so that his urgent claim for relief, and his right to exercise his powers as a member of this non-profit Board, could be protected. He prepared and filed his Motion to Remand on August 31, 2007, a Friday, and barely four days after the close-of-business service of the removal papers on the preceding Monday. He sought agreement from Respondent's counsel to an expedited hearing date and, when that was refused, made a Motion to Shorten Time for the hearing of his Motion to Remand. In the meantime, Respondent had filed its Motion to Dismiss, setting that motion for hearing some six weeks away. The Court subsequently denied Petitioner's Motion to Shorten Time and set both the Motion to Remand and Respondent's Motion to Dismiss on the same day, October 16, 2007.

Because of the urgency Petitioner faced in attempting to address these complicated and interwoven issues, it was necessary to add additional staffing to this case and to prepare the papers under extremely short time deadlines. As we show below this called for the

3

addition of an attorney – Ethan Glass – to draft the original Motion to Remand, while attorney Daniel Kaufman, who had been working on the State Court proceeding, managed the Motion for an Order Shortening Time. Mr. Kaufman then proceeded to handle the remaining matters, together with Robert Borton, the shareholder and supervising attorney on this increasingly complicated case.

Petitioner Kam also attempted to avoid costs wherever possible. His counsel made a request to Respondent to postpone the hearing on Respondent's Motion to Dismiss, hoping that the issue of federal jurisdiction could be resolved before it became necessary to brief the Motion to Dismiss. Respondent refused this request. It was, therefore, necessary to fully brief both motions for a potential hearing on October 16, 2007. In truth, Respondent elected to follow a strategy here that <u>maximized</u> the costs of this federal proceeding for everyone involved, all upon the basis of a facially unsupportable Notice of Removal. But Respondent's removal and further inflexibility in setting a reasonable briefing schedule for potentially moot motions caused Petitioner's attorneys to spend substantially more time and money opposing Respondent's Motion to Dismiss.   It is for this reason that we also request fees for Mr. Kam's Opposition to the Motion to Dismiss, as a part of the costs associated with Respondent's failed attempt to remove this entire matter to the District Court.

With that background, we summarize here the costs – specifically the attorneys' fees – incurred in this series of interrelated matters. As stated in the notice of Motion above, out of pocket costs were negligible in this matter and the only significant cost was the attorney time spent in analysis, legal research, drafting and presentation of the motions themselves, the Oppositions and Reply briefs, efforts to shorten or minimize time, and the preparation of Orders. Because of the nature of the issues raised by the removal and the attenuated efforts to identify a federal question reflected in both Respondent's Removal and its Motion to Dismiss, these efforts required a significant investment of attorney hours. We have removed from our request here any attorney time associated with the underlying Writ Petition or other matters in the Superior Court, as well as time associated with other matters which were not pursued (for example, consideration that was given to a restraining order

NOTICE OF MOTION AND MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES (28 U.S.C.§ 1447(C); NORTHERN DISTRICT LOCAL RULE 54); CASE NO. C 07 4414 SBA

that might have helped to address the urgency of this matter but was not pursued), time devoted to general case planning and strategy, and other matters. The time summarized below is only time devoted to the Motion to Remand and the Reply brief associated therewith, the Motion to Expedite the Hearing of the Remand Motion, and the Opposition to Respondent's Motion to Dismiss.

**B.    Petitioners' Motion to Remand.**

In drafting Petitioner's Motion to Remand, associate attorney Ethan Glass spent 18.4 hours in reviewing and analyzing the file, performing legal research and drafting that initial motion. Attorney Robert Borton spent 14.6 hours in additional research, in reviewing and finalizing that Motion, and in the preparation of Orders and related papers. The Motion to Remand was then filed on August 31, 2007. Mr. Glass is an attorney who was admitted to practice in 2001, and whose ordinary billing rate at Heller Ehrman is $485 per hour. The total cost for his hours was $8,924.00. Mr. Borton is a shareholder of the firm, has served as the long-time manager of Heller Ehrman's Pro Bono Practice, and is an experienced attorney admitted to practice in 1972, and whose billing rate is $675 per hour. The total cost for his hours was $9,855.00. **The total dollar amount in preparing the Motion to Remand is therefore $18,779.00.**

**C.    Motion to Shorten Time.**

At the same time, counsel for Mr. Kam undertook efforts to shorten time for the hearing on the Motion to Remand, first seeking agreement and then petitioning the Court for such an Order. As shown above, this was done in an effort to expedite the redress of Mr. Kam's rights as a voting Board member in Respondent Co-op. The work on that motion was done by attorney Daniel Kaufman, an attorney admitted to practice in 2006 whose billing rate is $285 per year. **The total cost of the attorney hours spent on that Motion was $1,562.50.**[1]

---

[1] Correct math would have yielded a total of $1567.50, but when attorney Borton ran this number for the e-mail sent to opposing counsel before filing, he incorrectly recorded this total and we therefore use the smaller number.

### D.    Reply Brief re Motion to Remand.

Respondent's Opposition to the Motion to Remand ran to 23 pages. Respondent's original Notice of Removal, however, had been both superficial and brief, set forth in approximately two and one half pages. Thus, the purported legal basis of Respondent's effort to justify this removal was not exposed or explained until Respondent's Opposition brief was filed. Mr. Kam's attorneys were obliged to reply to that 23 page Opposition brief, requiring considerable additional research, review of authorities (many inapposite), response to a variety of arguments which we believe were ill-defined at best, and the expenditure of considerable attorney time in addressing these lengthy arguments.

Attorney Daniel Kaufman spent 18.6 hours in preparing that Reply brief (at a total cost of $5,301.00) and attorney Robert Borton spent 5 hours in further legal research, review and editing of the brief in preparation for filing and in related work (at a cost of $3,375.00). **The total cost associated with the Reply Brief was therefore $8,676.00**.

### E.    Opposition to Respondent's Motion To Dismiss.

Respondent filed its Motion to Dismiss arguing that this case, which they had removed to federal court upon an ostensible federal question, must be dismissed for failure to state a claim under State law. Almost no federal authority was cited. Nonetheless, this Motion to Dismiss – a motion which ran to some 26 pages – required thorough analysis, legal research and drafting of a Reply brief which had to address each of the arguments made by Respondent. In drafting that motion, attorney Daniel Kaufman devoted 24.7 hours at a total cost of $7,039.50. Attorney Robert Borton devoted 12 hours to that brief (at a cost of $8,100.00). **The total cost required to brief Respondent's Motion to Dismiss and to prepare the related papers, was $15,139.50.**

Petitioner respectfully requests that all of these fees be awarded. All of these fees were actually incurred – as required by 28 U.S.C. § 1447(b) – and were necessarily incurred in order to address the claims in both Respondent's removal and Respondent's Motion to Dismiss, both of which we believe were ill-founded, but which were nonetheless seriously taken. Counsel for Mr. Kam could not treat these matters lightly as they were impeding his

6

ability to seek and to receive relief in the California Superior Court and were making arguments which, had they been accepted, would have seriously injured Mr. Kam's right to a fair resolution.

## IV.    Request For Assessment Against Counsel And Not Client.

One final issue which we wish to raise is the question of the party against whom a fee assessment would be appropriate in this case. The Respondent is the Board of a non-profit housing cooperative in San Francisco, which includes as residents a predominant number of low-income tenants, recipients of Section 8 housing assistance and other persons of modest means. The Board itself is made up of representative residents of the co-op. For the most part, these are working or retired people, many being long-time residents and people of modest income. As set forth in Mr. Kam's initial Motion to Remand (see page 2 at footnote 1) we believe that the removal of this matter to the United States District Court was ill-conceived, but that it was not a decision likely made by members of the Board itself. Indeed, we understood that members of this fractured Board were perhaps not even fully consulted, if consulted at all, before the matter was removed. Certainly our client, Mr. Kam, was not consulted and, through him, it was our understanding that the issues surrounding the Removal Petition were not aired at all, and certainly not fully, with the members of the Board.

The removal of this case was a tactical, legal judgment – we believe – made by counsel, and any costs associated with the improvident removal of this matter should, therefore, be assessed against counsel and not against Respondent Board (which we hope will still include Mr. Kam himself as a member). Counsel may certainly then proceed to discuss the distribution of any attorneys' fee expenses to appropriate parties, but only after full consideration of that matter with the Board itself.

## V.    Conclusion

For all of the foregoing reasons, Petitioner respectfully requests that his Motion for Attorneys' Fees should be granted, and seeks an Order granting such fees as follows:

Motion to Remand                                    $18,779.00

1  Order Shortening Time Motion                          $1,562.50

2  Reply to Opposition to Motion to Remand               $8,676.00

3       Total Fees Associated with Remand Motion:        $29,017.50

4

5

6  Opposition to Motion to Dismiss                       $15,139.50

7       Total Fees Associated with Motion to Dismiss     $15,139.50

8

9  Total of All Fees Proximately Resulting From Removal:  $44,157.00

10
   DATED: October 29, 2007          Respectfully submitted,
11

12                                  HELLER EHRMAN  LLP

13

14                                  By

15                                       ROBERT E. BORTON (SBN 53191)
                                    Attorneys for Plaintiff
16                                  HO RIM KAM

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES (28 U.S.C.§ 1447(C);
NORTHERN DISTRICT LOCAL RULE 54); CASE NO. C 07 4414 SBA