ROBERT BORTON (SBN 53191)
Email: robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
Email: daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>　　　　　　　Respondent. | Case No.: C 07 4414 (SBA)<br><br>**DECLARATION OF ROBERT BORTON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES (NORTHERN DISTRICT LOCAL RULE 54)**<br><br>The Honorable Saundra B. Armstrong<br>Date:　　January 15, 2008<br>Time:　　1:00 p.m.<br>Court:　　Courtroom 3, 3rd Floor |

I, Robert Borton, declare as follows:

1.　　I am an attorney at law, duly licensed to practice in the State of California, and in this Court, and am a member of the law firm of Heller Ehrman LLP, counsel for Petitioner Ho Rim Kam. I have personal knowledge of the facts contained in this Declaration, and if called as a witness, I would testify competently to the facts stated herein.

2.　　I submit this declaration in support of Petitioner's Motion for Attorneys' Fees, filed pursuant to the Court's Order allowing costs and expenses in this action pursuant to 28 U.S.C. § 1447 (c).

3.　　My law firm has served as counsel for Mr. Kam since April, 2006.

4.　　Petitioner filed his original Writ of Mandate Petition in the San Francisco

Superior Court on August 7, 2007 and a hearing was set for August 22, 2007. California Code of Civil Procedure Section 1085 provides for an expedited process to resolve the inherently urgent nature of such petitions.

5. Respondent then requested and received from Petitioner a stipulation to continue the hearing on that Petition to August 30, 2007.

6. On August 27, 2007, just three days before the continued hearing on the Petition was scheduled, Respondent filed its Notice removing this case to the Federal District Court.

7. Once this action was removed, Petitioner did everything possible to expedite a determination of the propriety of removal so that the important issues framed by the Writ Petition could be heard and decided promptly. Petitioner filed his Motion to Remand on Friday, August 31, 2007, just four days after the close-of-business service of the removal papers on the preceding Monday. Additionally, Petitioner sought a stipulated agreement to expedite the hearing on the Motion to Remand. When Respondent refused this request, Petitioner filed with this Court his Motion to Shorten Time for the hearing on his Motion to Remand. That Motion was denied and Petitioner's Motion to Remand was set for hearing on October 16, 2007.

8. At about the same time, Respondent filed its Motion to Dismiss the Writ Petition, ostensibly under FRCP 12(b)(6), and set the hearing on that motion for October 16, the same date as the hearing on Petitioner's Motion to Remand. When Petitioner then requested a stipulation to postpone the Motion to Dismiss until after the Motion to Remand was decided, Respondent refused the request. By setting the date for the Motion to Dismiss at the same time as the Motion to Remand and then rejecting Petitioner's proposed stipulation, Respondent forced Petitioner to expend significant resources briefing both motions. In so doing, Respondent's strategy actually maximized rather than minimized the costs to be incurred by all parties.

9. Respondent's removal and subsequent inflexibility in setting a reasonable briefing schedule for potentially moot motions, caused Petitioner to expend significant

attorney time in analysis, legal research, drafting and presentation of the motions themselves, the Oppositions and Reply briefs, efforts to shorten or minimize time, and the preparation of Orders.

10. That complicated nature of the issues raised and the attenuated effort to identify a federal question reflected in Respondent's Removal and Motion to Dismiss required a significant investment of attorney hours.

11. This request only includes time spent on the Motion to Remand, on the Reply briefing associated therewith, on the Motion to Expedite the Hearing of the Remand Motion, and on the Opposition to Respondent's Motion to Dismiss. This request does not include attorney time associated with the underlying Writ Petition or other matters in the Superior Court, matters considered but not pursued.

12. Because of the urgency Petitioner faced in attempting to address these complicated and interwoven issues, it was necessary to add additional staffing to this case to prepare the papers under extremely short deadlines. This required us to add another attorney to the case, Associate Attorney Ethan Glass, to draft the original Motion to Remand.

13. Associate Attorney Daniel Kaufman managed the simultaneous Motion to Shorten Time and then handled aspects of the remaining matters, including the Reply to the Opposition to the Motion to Remand and the Opposition to Respondent's Motion to Dismiss.

14. Attorney Robert Borton is lead counsel in this matter, and undertook aspects of research, briefing and review, editing and finalization of all papers in this matter. He supervised the work of Mr. Kaufman and Mr. Glass on this increasingly complicated case.

15. In drafting Petitioner's Motion to Remand, associate attorney Ethan Glass spent 18.4 hours in reviewing and analyzing the file, performing legal research and drafting the initial motion. Attorney Robert Borton spent 14.6 hours in additional research, in reviewing and finalizing that Motion, and in the preparation of Orders and related papers. Mr. Glass is an attorney who was admitted to practice in 2001, and whose ordinary billing

rate at Heller Ehrman is $485 per hour. Mr. Borton is a shareholder of the firm, has served as the long-time manager of Heller Ehrman's Pro Bono Practice, and is an experienced attorney admitted to practice in 1972. His billing rate is $675 per hour. **The total dollar amount in preparing the Motion to Remand is $18,779.00.**

16. Mr. Kam's counsel undertook efforts to shorten time for the hearing on the Motion to Remand, first seeking agreement and then petitioning the Court for such an Order. This was done in an effort to expedite the redress of Mr. Kam's rights as a voting Board member in Respondent Co-op. The work on that motion was done by attorney Daniel Kaufman, an attorney admitted to practice in 2006 whose billing rate is $285 per hour. **The total cost of the attorney hours spent on the Motion to Shorten Time was $1,562.50.**[1]

17. Respondent's Opposition to the Motion to Remand ran to 23 pages. Respondent's original Notice of Removal, however, had been both superficial and brief, set forth in approximately two and one half pages. Thus, the purported legal basis of Respondent's effort to justify this removal was not exposed or explained until Respondent's Opposition brief was filed. Mr. Kam's attorneys were obliged to reply to that 23 page Opposition brief, requiring considerable additional research and review of authorities – many inapposite - in response to a variety of arguments. These arguments were ill-defined at best, and the expenditure of considerable attorney time was required in addressing these lengthy arguments.

Attorney Daniel Kaufman spent 18.6 hours in preparing that Reply brief (for a cost on this aspect of $5,301.00). Attorney Robert Borton spent 5 hours in further legal research, review and editing of the brief in preparation for filing and in related work (at a cost of $3,375.00). **The total cost associated with the Reply to Respondent's Opposition to the Motion to Remand was therefore $8,676.**

---

[1] Correct math would have yielded a total of $1567.50, but when attorney Borton ran this number for the e-mail sent to opposing counsel before filing, he incorrectly recorded this total and we therefore use the smaller number.

18. Respondent filed its Motion to Dismiss, arguing that this case, which they had removed to federal court upon an ostensible federal question, must be dismissed for failure to state a claim under FRCP 12(b)(6), but arguing almost exclusively under State law. Almost no federal authority was cited. Nonetheless, this Motion to Dismiss – a motion which ran to some 26 pages – required thorough analysis, legal research and drafting of a Reply brief which had to address each of the arguments made by Respondent. In drafting that motion, attorney Daniel Kaufman devoted 24.7 hours at a total cost of $7,039.50. Attorney Robert Borton devoted 12 hours to that brief (at a cost of $8,100.00). **The total cost required to brief Petitioner's Opposition to Respondent's Motion to Dismiss and to prepare the related papers, was $15,139.50.**

19. All of these fees were actually incurred – as required by 28 U.S.C. § 1447(b) – and were necessarily incurred in order to address the claims in both Respondent's removal and Respondent's Motion to Dismiss, both of which we believe were ill-founded, but which were nonetheless seriously taken. Counsel for Mr. Kam could not treat these matters lightly as they were impeding his ability to seek and to receive relief in the California Superior Court and were making arguments which, had they been accepted, would have seriously injured Mr. Kam's right to a fair resolution.

20. Respondent Board itself is made up of representative residents of the co-op. For the most part, these are working or retired people, many being long-time residents and people of modest income.

21. As reflected in Respondent's earliest filing in this Court (see Petitioner's Motion to Remand at page 2, footnote 1), we believe that the Board was not consulted regarding the issues surrounding the Removal Petition and that Respondent's counsel was responsible for making the decision to remove this action to federal court. Accordingly, we have requested that any fees assessed be assessed against counsel and not against the Respondent Board (of which, we believe, Mr. Kam remains a member).

22. On October 25, 2007, Attorney Daniel Kaufman, one of Petitioner's counsel, sent an email intended for Respondent's attorney Katherine Catlos. That email laid out the

5

fees and costs set forth herein, and explained why we believe the attorneys' fees sought here are reasonable and appropriate. Through inadvertence, however, that email was sent to an incorrect address and was returned. Accordingly, the next morning, October 26, 2007, at 9:30 a.m., Mr. Kaufman contacted Ms. Elizabeth Williams, Respondent's lead counsel (that is, counsel at the top of the mast head), by email to seek a resolution to the attorneys' fees issue, and forwarding the same email. See Exhibit A. Ms. Williams did not respond to Mr. Kaufman's email.

23. Mr. Kaufman then attempted to reach Ms. Williams by phone, but was informed by her secretary that Ms. Williams was not available. He was transferred to Katherine Catlos, also counsel for Respondent. Mr. Kaufman explained to Ms. Catlos that he had been unsuccessful in reaching Ms. Williams and that he would like to confer regarding Petitioner's proposed attorneys' fees. Ms. Catlos asked Mr. Kaufman to forward her the email – which she had not yet seen - and told him that she would seek to respond by Monday morning. Mr. Kaufman forwarded the email to Ms. Catlos. See Exhibit B. No request was made to postpone this filing.

24. Ms. Catlos responded to Mr. Kaufman at 11:00 a.m. on Monday, October 29, 2007, to seek a stipulation to extend time to file the motion for attorneys' fees so that she could have more time to evaluate Petitioner's proposed fees. See Exhibit C.

25. Mr. Kaufman responded to Ms. Catlos at 12:00 p.m., and again at 2:30 p.m., informing Ms. Catlos that Petitioner was agreeable to a stipulation, but felt obliged to file this motion, unless the Court could advise that such a stipulation would be granted. Exhibit C. Because there could be no certainty that a stipulation would be granted by the court, and because FRCP 54 does not allow an extension without Court Order, Petitioner advised counsel that the Motion would be filed within the time allowed, but that counsel are continuing to be open to an informal resolution if that is possible.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 29th day of October, 2007.

_____
Robert Borton

# EXHIBIT A

# Kaufman, Dan

| | |
|---|---|
| **From:** | Kaufman, Dan |
| **Sent:** | Friday, October 26, 2007 9:26 AM |
| **To:** | ewilliams@kdvlaw.com |
| **Cc:** | Borton, Robert E. |
| **Subject:** | FW: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees |

Ms. Williams,
I sent this email to Ms. Catlos last night and received an auto-response that she is no longer employed by your law firm. Please review the following email and let me know if the fees we believe are due are agreeable to you.

Sincerely,
Dan Kaufman

| | |
|---|---|
| **From:** | Kaufman, Dan |
| **Sent:** | Thursday, October 25, 2007 11:11 PM |
| **To:** | 'catlos@lbbslaw.com' |
| **Cc:** | Borton, Robert E. |
| **Subject:** | Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees |

Ms. Katlos,
As you know, on October 12, 2007, Judge Armstrong issued an order granting our motion to remand. In addition, she found that removal of Mr. Kam's Application for Peremptory Writ of Mandate was objectively unreasonable and that we should be reimbursed for related attorneys' fees and costs. I am writing to see if we can reach an agreement regarding the amount of attorneys' fees and costs we should be reimbursed.
We have reviewed our bills and determined that we incurred fees totaling $29,017.50 for work on the motion to remand. Those fees break down in the following manner:

Motion to Remand:
- Robert Borton worked 14.6 hours. Mr. Borton bills his time at $675/hour. Total: $9855
- Ethan Glass worked 18.4 hours. Mr. Glass bills his time at $485/hour. Total: $8924
- **Total spent on Motion to Remand = $ 18,779.00**

Motion to Shorten Time (re Remand):
- Dan Kaufman worked 5.5 hours. Mr. Kaufman bills his time at $285/hour. Total: $1562.5
- **Total spent on Motion to Shorten Time (re Remand): $1562.50**

Reply to Opposition to Motion to Remand:
- Robert Borton worked 5 hours. Total: $3375
- Dan Kaufman worked 18.6 hours. Total: $5301)
- **Total spent on Reply to Opposition to Remand= $ 8676.00**

We also believe that we are entitled to reimbursement for fees and costs from our work opposing Respondent's Motion to Dismiss. We have reviewed our bills and determined that we incurred fees totaling $15,139.50 for work on the Opposition to Motion to Dismiss. Those fees break down in the following manner:

Opposition to Motion to Dismiss
- Robert Borton worked 12 hours. Total: $8,100.00
- Dan Kaufman worked 24.7 hours. Total: $7,039.50.
- **Total spent on Opposition to Motion to Dismiss: $15,139.50**

1

In total, we believe we are owed $44,157.00.

Please let me know whether you will agree to these reimbursement numbers. If you would like to discuss anything regarding these fee numbers, I can be reached at (415) 772-6253.
If we cannot come to an agreement, we plan on filing a motion for attorneys' fees.

Sincerely,
Dan Kaufman

# EXHIBIT B

**Kaufman, Dan**

| | |
|---|---|
| **From:** | Kaufman, Dan |
| **Sent:** | Friday, October 26, 2007 2:39 PM |
| **To:** | kcatlos@kdvlaw.com |
| **Cc:** | ewilliams@kdvlaw.com; Borton, Robert E.; utamhane@kdvlaw.com |
| **Subject:** | FW: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees |

Ms. Catlos,
I apologize for the confusion regarding your email. For some reason we had the wrong email address in our file. Please see the emails below and let us know if the attorney's fees are agreeable to you.

Sincerely,
Dan Kaufman

| | |
|---|---|
| **From:** | Kaufman, Dan |
| **Sent:** | Friday, October 26, 2007 9:26 AM |
| **To:** | ewilliams@kdvlaw.com |
| **Cc:** | Borton, Robert E. |
| **Subject:** | FW: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees |

Ms. Williams,
I sent this email to Ms. Catlos last night and received an auto-response that she is no longer employed by your law firm. Please review the following email and let me know if the fees we believe are due are agreeable to you.

Sincerely,
Dan Kaufman

| | |
|---|---|
| **From:** | Kaufman, Dan |
| **Sent:** | Thursday, October 25, 2007 11:11 PM |
| **To:** | 'catlos@lbbslaw.com' |
| **Cc:** | Borton, Robert E. |
| **Subject:** | Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees |

Ms. Katlos,
As you know, on October 12, 2007, Judge Armstrong issued an order granting our motion to remand. In addition, she found that removal of Mr. Kam's Application for Peremptory Writ of Mandate was objectively unreasonable and that we should be reimbursed for related attorneys' fees and costs. I am writing to see if we can reach an agreement regarding the amount of attorneys' fees and costs we should be reimbursed.
We have reviewed our bills and determined that we incurred fees totaling $29,017.50 for work on the motion to remand. Those fees break down in the following manner:

Motion to Remand:
- Robert Borton worked 14.6 hours. Mr. Borton bills his time at $675/hour. Total: $9855
- Ethan Glass worked 18.4 hours. Mr. Glass bills his time at $485/hour. Total: $8924
- **Total spent on Motion to Remand = $ 18,779.00**

Motion to Shorten Time (re Remand):
- Dan Kaufman worked 5.5 hours. Mr. Kaufman bills his time at $285/hour. Total: $1562.5
- **Total spent on Motion to Shorten Time (re Remand): $1562.50**

Reply to Opposition to Motion to Remand:

1

- Robert Borton worked 5 hours. Total: $3375
- Dan Kaufman worked 18.6 hours.  Total: $5301)
- **Total spent on Reply to Opposition to Remand= $ 8676.00**

We also believe that we are entitled to reimbursement for fees and costs from our work opposing Respondent's Motion to Dismiss.  We have reviewed our bills and determined that we incurred fees totaling $15.139.50 for work on the Opposition to Motion to Dismiss. Those fees break down in the following manner:

Opposition to Motion to Dismiss
- Robert Borton worked 12 hours. Total: $8,100.00
- Dan Kaufman worked 24.7 hours. Total: $7,039.50.

**Total spent on Opposition to Motion to Dismiss: $15,139.50**

In total, we believe we are owed $44,157.00.

Please let me know whether you will agree to these reimbursement numbers. If you would like to discuss anything regarding these fee numbers, I can be reached at (415) 772-6253.
If we cannot come to an agreement, we plan on filing a motion for attorneys' fees.

Sincerely,
Dan Kaufman

2

# EXHIBIT C

## Kaufman, Dan

| | |
|---|---|
| From: | Kaufman, Dan |
| Sent: | Monday, October 29, 2007 11:59 AM |
| To: | 'Katherine S. Catlos' |
| Cc: | ewilliams@kdvlaw.com; Borton, Robert E.; utamhane@kdvlaw.com |
| Subject: | RE: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees |

Katherine,
I just left you a voicemail in response to your message. We are willing to stipulate to extend the time to file our motion for attorneys' fees until Wednesday, October 31, if you can get assurance from the court that we will actually be able to file later than today if we so stipulate. If the court can give us that assurance, we would request that you prepare the stipulation and send it to us for signature, and then take responsibility for securing the court's approval. Because we need to file our motion today if we do not stipulate to extend time, we would need a resolution of the stipulation issue before the close of business.

Thanks,
Dan

---

**From:** Katherine S. Catlos [mailto:kcatlos@kdvlaw.com]
**Sent:** Monday, October 29, 2007 11:22 AM
**To:** Kaufman, Dan
**Cc:** ewilliams@kdvlaw.com; Borton, Robert E.; utamhane@kdvlaw.com
**Subject:** RE: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees

Dan and Bob:

I just left you both a voicemail. Given the tight deadlines and our need to evaluate your proposal below, we suggest that we enter into a stipulation per Local Rule 54-6(a) "commentary" to extend the last day for you to file your fee motion. The extension will allow both of us to meet and confer about the sums you are seeking.

Please let us know if this is acceptable to you.

Best regards,
Katherine

---

**From:** Kaufman, Dan [mailto:Daniel.Kaufman@hellerehrman.com]
**Sent:** Friday, October 26, 2007 2:39 PM
**To:** kcatlos@kdvlaw.com
**Cc:** ewilliams@kdvlaw.com; Borton, Robert E.; utamhane@kdvlaw.com
**Subject:** FW: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees

Ms. Catlos,
I apologize for the confusion regarding your email. For some reason we had the wrong email address in our file. Please see the emails below and let us know if the attorney's fees are agreeable to you.

10/29/2007

Sincerely,
Dan Kaufman

---

**From:** Kaufman, Dan
**Sent:** Friday, October 26, 2007 9:26 AM
**To:** ewilliams@kdvlaw.com
**Cc:** Borton, Robert E.
**Subject:** FW: Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees

Ms. Williams,
I sent this email to Ms. Catlos last night and received an auto-response that she is no longer employed by your law firm. Please review the following email and let me know if the fees we believe are due are agreeable to you.

Sincerely,
Dan Kaufman

---

**From:** Kaufman, Dan
**Sent:** Thursday, October 25, 2007 11:11 PM
**To:** 'catlos@lbbslaw.com'
**Cc:** Borton, Robert E.
**Subject:** Kam v. King-Garvey Board of Directors: Application for Attorneys' Fees

Ms. Katlos,
As you know, on October 12, 2007, Judge Armstrong issued an order granting our motion to remand. In addition, she found that removal of Mr. Kam's Application for Peremptory Writ of Mandate was objectively unreasonable and that we should be reimbursed for related attorneys' fees and costs. I am writing to see if we can reach an agreement regarding the amount of attorneys' fees and costs we should be reimbursed.

We have reviewed our bills and determined that we incurred fees totaling $29,017.50 for work on the motion to remand. Those fees break down in the following manner:

Motion to Remand:

- Robert Borton worked 14.6 hours. Mr. Borton bills his time at $675/hour. Total: $9855
- Ethan Glass worked 18.4 hours. Mr. Glass bills his time at $485/hour. Total: $8924
- **Total spent on Motion to Remand = $ 18,779.00**

Motion to Shorten Time (re Remand):

- Dan Kaufman worked 5.5 hours. Mr. Kaufman bills his time at $285/hour. Total: $1562.5
- **Total spent on Motion to Shorten Time (re Remand): $1562.50**

Reply to Opposition to Motion to Remand:

- Robert Borton worked 5 hours. Total: $3375
- Dan Kaufman worked 18.6 hours. Total: $5301)

10/29/2007

- **Total spent on Reply to Opposition to Remand= $ 8676.00**

We also believe that we are entitled to reimbursement for fees and costs from our work opposing Respondent's Motion to Dismiss. We have reviewed our bills and determined that we incurred fees totaling $15,139.50 for work on the Opposition to Motion to Dismiss. Those fees break down in the following manner:

Opposition to Motion to Dismiss

- Robert Borton worked 12 hours. Total: $8,100.00
- Dan Kaufman worked 24.7 hours. Total: $7,039.50.

**Total spent on Opposition to Motion to Dismiss: $15,139.50**

In total, we believe we are owed $44,157.00.

Please let me know whether you will agree to these reimbursement numbers. If you would like to discuss anything regarding these fee numbers, I can be reached at (415) 772-6253.

If we cannot come to an agreement, we plan on filing a motion for attorneys' fees.

Sincerely,
Dan Kaufman

================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

================================================