ROBERT BORTON (SBN 53191)
Email: robert.borton@hellerehrman.com
DANIEL KAUFMAN (SBN 246041)
Email: daniel.kaufman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Petitioner
HO RIM KAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO RIM KAM,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>MARTIN LUTHER KING, JR.-MARCUS GARVEY SQUARE COOPERATIVE BOARD OF DIRECTORS,<br><br>　　　　　　　Respondent. | Case No.: C 07 4414 (SBA)<br><br>**[PROPOSED] ORDER GRANTING PETITIONER'S MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES (NORTHERN DISTRICT LOCAL RULE 54)**<br><br>The Honorable Saundra B. Armstrong<br>Date:　N/A<br>Time:　N/A<br>Court:　Courtroom 3, 3rd Floor |

The motion of Petitioner Ho Rim Kam for an order granting Petitioner's Motion for Reimbursement of Attorneys' Fees came on for hearing before this Court with Heller Ehrman LLP appearing as attorney for Petitioner and Kaufman, Dolowich & Voluck LLP appearing for Respondent. Notice of the Motion was properly made.

I.　**Background**

Petitioner Ho Rim Kam filed his State Court Petition for a Peremptory Writ of Mandamus ("Petition" or "Application") alleging that Respondent Martin Luther King, Jr.-Marcus Garvey Square Cooperative Board of Directors ("Board") violated its Bylaws by improperly removing and excluding Mr. Kam as a Director and the Treasurer of the Board. The action therefore arose under the California Code of Civil Procedure, Section 1085(a).

Kam raised two issues in his Petition: (1) whether the Board's determination that he had become "delinquent" in his rent ("carrying charges") for more than thirty days—a simple fact issue, and not a "federal claim"—was unsupported and therefore flawed; and (2) whether the vote to remove him was properly conducted under the Bylaws and California's Corporations Code.

Respondent is a California non-profit corporation governed by California law. It may only remove directors and officers according to its Bylaws and the California Corporations Code. As such, the only legal issue raised in this case was whether the Board acted contrary to its adopted Bylaws and thereby violated California law in removing and excluding Petitioner from his position as Director and Treasurer of the Board.

On October 15, 2007, the Court remanded this action, stating, "The application for mandamus does not assert any federal claim, rely upon any provision of federal law or a federal regulation, or assert a claim against a federal entity." Moreover, the Court found that "[n]o substantial federal interest is implicated."

## II.   Legal Standard

In remanding this case to state court, this Court held that Respondent's removal was objectively unreasonable and that Respondent is liable to Petitioner for attorneys' fees under 28 U.S.C. § 1447.

## III.   Analysis

Due to the complex nature of the case and the significant activity on multiple motions following Respondent's removal, Petitioner's requested fees are reasonable.

The combination of Respondent's superficial Notice of Removal and its lengthy and ill-defined Opposition to Motion to Remand significantly increased the amount of attorney time required to defend against Respondent's nebulous basis for removal.

Additionally, Respondent's strategy following removal actually maximized costs to all parties involved. This strategy is exemplified by Respondent's refusal to stipulate to 1) shorten time for hearing Petitioner's Motion to Remand, and 2) postpone the hearing on Respondent's Motion to Dismiss.

The Court finds that Petitioner incurred a total of $44,157.00 in attorneys fees as a result of Respondent's objectively unreasonable removal.

### IV. Conclusion

After full consideration of the moving papers, the Court grants Petitioner's Motion for Reimbursement of Attorneys' Fees. The Court finds that Respondent's objectively unreasonable removal of this action to federal court required Petitioner to expend attorney resources totaling $44,157.00. Additionally, the Court finds that removal was a tactical decision made by Respondent's counsel and therefore holds counsel liable for the fees in their entirety. It is therefore ORDERED that Respondent's counsel, Kaufman, Dolowich & Volock LLP pay Petitioner's counsel, Heller Ehrman LLP, the full $44,157.00 it is owed.

DATED: _____

_____
JUDGE OF THE UNITED STATES
DISTRICT COURT